Maston Nixon CUNNINGHAM, Petitioner,

v.

PARKDALE BANK et al., Respondents.

No. C–2024.

Supreme Court of Texas.

Nov. 30, 1983.

Charles R. Cunningham, Corpus Christi, for petitioner.

Head & Kendrick, Richard E. Fling, Corpus Christi, for respondents.

BARROW, Justice.

This is an appeal from a personal judgment rendered by the Nueces County Court, sitting in probate, against Maston Nixon Cunningham (Maston), the resigned independent administrator of the Estate of Nancy Nixon Cunningham. The judgment of the probate court was based upon an alleged deficiency in the assets of the estate, which deficiency resulted from two advancements made by Maston to his sister and himself. The court of appeals, with one justice dissenting, affirmed. 650 S.W.2d 484. We hold that the probate court erred in rendering a personal judgment against Maston and, accordingly, reverse the judgments of the lower courts and

remand this proceeding to the probate court.

Nancy Nixon Cunningham died testate on February 14, 1980, but both of the executors named in her will predeceased her. Her three children, who were her only heirs, agreed upon the appointment of her son, Maston, as independent administrator of the estate. *See* Tex.Prob.Code Ann. § 145(d) (1980). Paul Pearson, III, an attorney, was hired to assist in the administration and distribution of the estate. Eventually, an application to resign and an order accepting same were filed on behalf of Maston. A detailed account of the estate's claims and assets was prepared and filed also. After these documents were filed with the court, notice was posted for the benefit of all interested parties.

The basis for the judgment of the probate court is the advancement, by Maston, of $26,938.79 to himself and $10,668.78 to his sister Nancy. These advancements were properly reflected in the final account filed on behalf of Maston as claims of the estate. No evidentiary hearing was held to consider the propriety of the final account nor was Maston present to submit evidence in support thereof. Rather, the probate court, upon the motion of Mr. Pearson, rendered a personal judgment against Maston for the total sum of $37,607.57. This judgment was rendered in favor of the successor administrator, Parkdale Bank, despite the fact that Parkdale Bank filed no pleadings praying for such a judgment and never assumed the status of a party plaintiff.

▮ In his motion for new trial and in the court of appeals, Maston urged that the judgment of the probate court was void or voidable because there were no pleadings seeking a judgment against him and because no citation was issued to him personally. He also urged there was no basis in law for rendition of the judgment against him because he is entitled to more funds from the distribution of the estate than the amount advanced to him.[1] Both lower courts found no merit in these contentions. The dissenting justice in the court of appeals concluded that the probate court exceeded its jurisdiction in summarily rendering a personal judgment because of the absence of pleadings, notice, opportunity for hearing, and other procedural irregularities. We agree.[2]

▮ The Texas Rules of Civil Procedure govern proceedings in probate matters except in those instances in which a specific provision has been made to the contrary. Tex.R.Civ.P. 2. In Texas, "[a] civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." Tex.R.Civ.P. 22. "The office of pleadings is to define the issues at trial," *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982) and to "give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982). Also, the judgment of the court must conform to the pleadings of the parties. Tex.R.Civ.P. 301.

▮ The probate court is vested with substantial potential jurisdiction regarding "matters incident to an estate," Tex.Prob. Code Ann. § 5(d) (1980). This jurisdiction is activated and becomes actual jurisdiction over a party only after the filing of a petition the subject matter of which is within the jurisdiction of the court. *Hughes v. Atlantic Refining Co.*, 424

1. We find it difficult to understand the substitute administrator's vigorous pursuit of this matter. The principal asset of the estate, to-wit, the residence of the deceased, has been sold, the debts paid, and administrator's attorney concedes that there are more than enough funds on hand to satisfy these advancements. Furthermore, there has been no controversy at any time in the proceedings among the heirs. The general purpose of independent administration is to free the independent executor from "the often onerous and expensive judicial su-

pervision" and thereby "to effect the distribution of the estate with a minimum of cost and delay." *Corpus Christi Bank and Trust v. Alice National Bank*, 444 S.W.2d 632, 634 (Tex.1969).

2. Both the majority and the dissent in the intermediate court concluded that the probate court had jurisdiction, under Tex.Prob.Code Ann. § 221 (1980), over a resigning independent administrator. This is a question of jurisdiction that we need not today decide.

S.W.2d 622, 625 (Tex.1968). Further, a judgment must be supported by the pleadings and, if not so supported, it is erroneous. *City of Fort Worth v. Gause,* 129 Tex. 25, 101 S.W.2d 221, 223 (1937). Thus, a party may not be granted relief in the absence of pleadings to support that relief. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); Tex.R.Civ.P. 301.

■ In the instant case, we are unwilling to construe the final account filed by Maston as being sufficient to empower the probate court to render a judgment against Maston in his individual capacity. The final account fails to set forth a plaintiff and defendant, states no cause of action, alleges no statutory basis upon which a personal judgment may be based and, in fact, was prepared for Maston by Mr. Pearson, who currently serves as counsel for Parkdale Bank. To hold that the mere filing of the exhibit and account is sufficient to support the judgment herein rendered would be untenable.

Equally as important as the absence of any pleadings to invoke the jurisdiction of the trial court is the apparent disregard by the court of rudimentary requirements of notice and the right to be heard. Pursuant to Maston's request in his application for discharge, the trial court set a hearing for May 25, 1981. The record is devoid of any evidence that a formal hearing was, in fact, held on that date. The trial court's order adjudging Maston liable for the deficiency was "entered" June 4, 1981. Maston disputes that he was notified of the date on which the actual hearing was held, that he had notice of the court's intention to render judgment against him, or that he had an opportunity to object to such action.

The Probate Code sets forth numerous provisions governing the necessity and sufficiency of notice and citation in probate matters. Tex.Prob.Code Ann. § 33 (1980). We have been directed to no section of the Code that authorizes the action of the trial court in this case. "The general rule is that the legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice prescribed must conform to the requirement of due process of law. The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests." *Mexia Independent School Dist. v. City of Mexia,* 134 Tex. 95, 133 S.W.2d 118, 121 (1939); *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 146 (1951).

■ Those sections of the Code that specifically concern personal representatives guilty of misapplication of estate property require that the guilty party be personally served before action may be taken against him. *See* Tex.Prob.Code Ann. §§ 149C(a)(2), 222(b)(1) (1980).[3] This undoubtedly is based upon the postulate that procedural due process "requires notice that is reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." *City of Waco v. Roddey,* 613 S.W.2d 360, 365 (Tex.Civ.App.—Waco 1981, writ dism'd); *see also City of Houston v. Fore,* 412 S.W.2d 35, 39 (Tex.1967); *Martinez v. Texas State Bd. of Medical Examiners,* 476 S.W.2d 400, 405 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.), *cert. denied,* 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1972). Similarly, fundamental fairness dictates that a party must be given a reasonable opportunity to be heard on the merits of his case; such an opportunity must be granted at a meaningful time and in a meaningful manner. *See Read v. Gee,* 551 S.W.2d 496, 501 (Tex.Civ.App.—Fort Worth 1977), *writ ref'd n.r.e. per curiam,* 561 S.W.2d 777 (Tex.1977); *accord Ex Parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979); *cf. Brown v. McLennan County Children's Protective Svs.,* 627 S.W.2d 390 (Tex.1982). Under this record, we conclude that Maston did not have fair notice of the proposed action of the probate court so as to afford him the opportunity to be present and to

---

**3.** Parkdale Bank has now filed a suit in district court seeking a personal judgment against Ma- ston for misapplication of these estate funds.

explain or defend his actions at the hearing, before judgment against him was rendered. *Cf. Clanton v. Clark,* 639 S.W.2d 929 (Tex. 1982).

The probate court erred in rendering a personal judgment against Maston without pleadings, notice, and an opportunity to be heard. The judgments of the lower courts are set aside and the proceedings remanded to the probate court to conclude the administration of the estate.