Affirmed and Majority and Dissenting Opinions filed August 12, 2003
















Affirmed and
Majority and Dissenting Opinions filed August 12, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00448-CV

_______________

 

LONNIE W.
BUTLER, JR., Appellant

 

V.

 

CONTINENTAL AIRLINES, INC., Appellee

__________________________________________________

 

On Appeal from
the 157th District Court

Harris County, Texas

Trial Court
Cause No. 02-04660

__________________________________________________

 

M A J O R I T
Y   O P I N I O N

 

            Lonnie W. Butler, Jr., appeals the
dismissal, for lack of subject matter jurisdiction, of his claims against
Continental Airlines, Inc. (“Continental”). 
We affirm.

            In a prior lawsuit (“Butler I”), Butler sued
Continental for copying and using in its computer reservation system macros he
created without compensating him.  The
First Court of Appeals ultimately affirmed the summary judgment in that case on
Butler’s fraud claim and dismissed his remaining claims (for conversion, breach
of fiduciary duty, breach of contract, unjust enrichment, constructive trust,
misappropriation of trade secrets, estoppel/quasi-estoppel,
and quantum meruit) for lack of subject matter
jurisdiction because they were either preempted by, or arose under, the Federal
Copyright Act (the “Act”).[1]  See Butler v. Continental
Airlines, Inc., 31 S.W.3d 642, 654 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

            Butler then filed
suit in federal District Court (Butler II)
for Continental’s unauthorized use of the macros.  The federal court dismissed Butler’s claims
for lack of subject matter jurisdiction, holding that some of the claims had
been preempted and abolished by the Act and that those remaining did not “arise
under” the Act.  See Butler v. Continental Airlines, Inc., No. Civ.A. 01-2194,
2001 WL 1509545, at *3, 5 (S.D. Tex. 2001).  Butler did not
appeal this decision but instead filed the present state court action, again
asserting the claims that the federal court had held did not arise under the
Act.  Continental filed a motion to
dismiss on the ground that the trial court lacked jurisdiction over those
claims in accordance with the decision in Butler
I.  The trial court granted this
motion and dismissed the lawsuit with prejudice.

            Butler’s sole issue on appeal
contends that the trial court erred in dismissing this case on the grounds
that: (1) the dismissal in Butler I
has no res judicata effect
because it was not a determination on the merits; and (2) for him to be
deprived, through no fault of his own, of any hearing of the merits of his
claims[2]
violates his due process rights under the United States and Texas Constitutions
and the Open Courts Provision[3] of
the Texas Constitution, particularly where a federal court, as final arbiter of
federal subject matter jurisdiction, determined, contrary to Butler I, that the state courts do have
jurisdiction over his claims.

            Although a dismissal for lack of
subject matter jurisdiction does not preclude a party from litigating the
merits of the same cause of action in a court of competent jurisdiction, it is res judicata as to the issue of
whether the first court had jurisdiction.[4]  Butler has cited
no authority holding that the due process doctrine overrides the application of
res judicata.[5]  Therefore, he has provided us no basis to
conclude that the trial court erred in dismissing this case.  Accordingly, Butler’s sole
issue is overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed August 12, 2003.

Panel consists of Chief Justice Brister and Justices
Edelman and Seymore.  (Brister,
C.J. dissenting.)

 

 











[1]           See 17 U.S.C.A. §§ 101-1332
(West 1996 & Supp. 2003).





[2]           See, e.g., Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983) (noting that
fundamental fairness dictates that a party be given a reasonable opportunity to
be heard on the merits of his case).  Butler does not contend that any
of the claims he asserts in this case were not also asserted in Butler I.





[3]           Because Butler has not cited and we have not found
any portion of the trial court record at which he raised an open courts
challenge in the trial court, and because he has also failed to support that
contention on appeal with any authority or analysis, that challenge presents
nothing for our review and is overruled.





[4]           See, e.g., Magnus Elecs., Inc. v. La Republica
Argentina,
830 F.2d 1396, 1400 (7th Cir. 1987); Daigle
v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985); cf. Restatement
(Second) of Judgments § 20 cmt. b, illus. 1 (1982) (noting that dismissal for improper venue
does not bar an action on the claim in another district, but it is preclusive
as to the determination that venue was improper in the initial action).  The principles of res
judicata apply even if the first judgment was
erroneous, in which case the unsuccessful party’s remedy was to have it set
aside in the original proceeding.  See Restatement
(Second) of Judgments § 17 cmt. d (1982).  Because
they were not asserted in Butler’s brief, we do not address
the application of any exceptions to the doctrine of res
judicata, such as based on changed circumstances or
under sections 15 or 28(2) of the Restatement (Second) of Judgments, or the
extent to which the federal court decision in Butler II became the “law of the case.”





[5]           Nor could we necessarily determine from the record
before us the extent to which any contradiction in the outcomes of the First Court and federal District Court
decisions were the result of contradictory rulings, the manner of presentation
to the respective courts, or some combination of the two.