OPINION HEADING PER CUR 









                NO. 12-06-00203-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

IN THE ESTATE OF           §                      APPEAL
FROM THE 

 

FRANK DONALD CLARK,            §                      COUNTY
COURT AT LAW OF

 

DECEASED  §                      ANDERSON
COUNTY, TEXAS

 

 



OPINION








            Kimberly Clark, a beneficiary of her deceased father’s
will, appeals the trial court’s final order entered in the probate of the
estate of Frank Donald Clark.  In two
issues, Kimberly contends the trial court erred in failing to award her the
full amount of her reimbursement claim for value she had added to her father’s
estate and by failing to hold her brother and sister personally liable for
their alleged conversion and waste of estate assets.  We affirm.

 

Background

            Frank Donald Clark had three children, Frank Michael
Clark (Mike), Vera Suzette Murray (Suzette), and Kimberly Clark.  Kimberly began living with her father at his
house in Palestine on February 1, 2003, in order to care for him.  After his death on May 7, 2005, his will, in
which he left his estate in equal shares to his children, was admitted to
probate.  Mike was appointed and
qualified as independent executor.  








            A week after their father’s death, Mike and Suzette met
with Kimberly to begin discussing the division of the estate.  Kimberly insisted she would continue to live
in the house.  Mike and Suzette said it
would be sold.  Relations between
Kimberly and her siblings continued to deteriorate throughout the summer.  She obstructed their attempts to market the house
for sale.  Eventually, after her siblings
filed a forcible entry and detainer action to remove her, she vacated the house
on or about July 29, 2005.  Four days
before vacating the house, Kimberly filed a claim against the estate for
reimbursement of $25,347.80 for improvements she had made to the house.  

            Mike and Suzette held an estate sale at the house on
August 4-7, 2005 during which they sold 
only part of the estate’s personal property.  Most of the personal property that was not
sold during the estate sale was distributed among Suzette, Mike, and Suzette’s
three daughters, Lisa, Lori, and Lynn. 
The house was later sold for $90,000.00. 
In October 2005, Kimberly filed a motion for an inventory, accounting,
and distribution.  Mike filed an
inventory, appraisal, and list of claims to which Kimberly immediately
objected.  

            On February 21, 2006, the trial court held a hearing on
Kimberly’s motion, Mike’s inventory, and Kimberly’s reimbursement claim.  The trial court then issued an order allowing
Kimberly reimbursement in the amount of $14,800.00.  The court also ordered Mike to collect all of
the personal property items that had been distributed to Mike, Suzette, and
Suzette’s three daughters.[1]  Mike, Suzette, and Kimberly were instructed
to value each item.  The three separate
values for each item were to be averaged together to determine the value placed
on each item.  The three siblings would
then select the items in an order determined randomly until all of the personal
property was distributed in kind among the three.  Kimberly timely filed an appeal of the trial
court’s final order.  She did not request
the trial court to enter findings of fact or conclusions of law.

 

Standard of Review

            When findings of fact are neither filed nor requested
following a bench trial, it is implied that the trial court made all findings
necessary to support the judgment, provided that 1) the necessary findings are
raised by the pleadings and supported by the evidence and 2) the decision can
be sustained by any reasonable theory consistent with the evidence and
applicable law.  Santa Fe
Petroleum, LLC. v. Star Canyon Corp., 156 S.W.3d 630, 636 (Tex. App.–Tyler
2004, no pet.).  When the appellate
record includes the reporter’s and clerk’s records, these implied findings are
not conclusive and may be challenged for legal and factual sufficiency in the
appropriate appellate court.  BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).  An assertion that the evidence is “insufficient”
to support a finding of fact can mean that the evidence is factually
insufficient, i.e., the evidence supporting the finding is so weak or the
evidence to the contrary is so overwhelming that the finding should be set
aside and a new trial ordered.  Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  In conducting our review, we must consider
and weigh all of the evidence, not just the evidence that supports the trial
court’s judgment.  See Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  We can set aside the judgment only if it is
so contrary to the overwhelming weight of the evidence that it is clearly wrong
and unjust.  Id.  

 

Reduction of Enhancement Claim

            In her first issue, Kimberly contends there was
insufficient evidence to support the trial court’s reduction of her
reimbursement claim for enhancing the value of the house.  She claimed $25,347.80 for improvements she
made to her father’s home.  To determine
the amount of her award, the trial court considered the sales price of the
home, the costs to sell it, and the value of certain items of personal property
that were missing from the estate. 
Because the home’s value had increased by $23,000.00 and because it was
not proven that she possessed those missing items of personal property, she
argues that the trial court should have awarded her $23,000.00.

            Kimberly’s father had purchased the house in 2002 for
$67,000.00.  The house was sold in 2005
for $90,000.00.  The court therefore
determined that this increase in value of $23,000.00 was due to the
improvements made by Kimberly.  However,
it determined that Kimberly’s portion of the expenses for the sale of the house
was $4,420.00.  This reduced her
reimbursement to $18,580.00.  Kimberly
did not object to this reduction.

            The trial court further reduced Kimberly’s reimbursement
claim to $14,580.00 when it determined that Kimberly had retained personal
property items of the estate worth $6,000.00. 
Specifically, these personal property items were a pearl necklace, a
retirement watch, and part of a model car set. 
Mike and Suzette testified during the hearing that these three items
were worth thousands of dollars and had not been seen since the death of their
father.  The trial court determined that
these three items were worth $6,000.00 and that Mike’s and Suzette’s share of
these three items was $4,000.00.  The
court then reduced Kimberly’s reimbursement claim by $4,000.00 to $14,580.00. 

            Kimberly argues that the trial court’s method of
determining the amount of her award was improper because there was no direct
evidence showing that she had possession of these three items.  However, circumstantial evidence may be used
to establish any material fact.  Lozano
v. Lozano, 52 S.W.3d 141, 149 (Tex. 2001).  The material fact must be reasonably inferred
from the known circumstances.  Id.  Each piece of circumstantial evidence
must be viewed not in isolation, but in light of all of the known
circumstances.  Id.  A fact is established by circumstantial
evidence when it may be fairly and reasonably inferred from other facts
proved.  Monsanto Co. v. Altman,
153 S.W.3d 491, 495 (Tex. App.–Amarillo 2004, pet. denied).  

            Kimberly lived with her father in
Palestine from February 1, 2003 until his death on May 7, 2005.  She then retained exclusive possession of the
house for close to three months thereafter. 
A
person is presumed to have knowledge of those things within her possession.  See Continental Credit Corp. v. Norman,
303 S.W.2d 449, 454 (Tex. Civ. App.–San Antonio 1957, writ ref’d n.r.e.).  Possession can also mean control.  Robinson v. National Autotech, Inc.,
117 S.W.3d 37, 40 (Tex. App.–Dallas 2003, pet. denied).  Maintaining control of personal property is
inconsistent with others’ legal rights in that property.  See id. at 39.  Mike testified
that the pearl necklace was at their father’s house until he died. Mike
and Suzette both testified that their father had possession of the model cars
and the retirement watch at his house prior to his death.  They also testified that the pearl necklace,
the retirement watch, and the model cars were gone when Kimberly moved out of
the house.  When considered together,
Kimberly’s exclusive possession of her father’s house after his death and Mike’s
and Suzette’s testimonies support an implied finding that Kimberly either has
the disputed personal property in her possession or disposed of it.  The trial court did not err by reducing Kimberly’s
reimbursement claim to $14,580.00. 
Kimberly’s first issue is overruled. 


 

Redistribution of Distributed Estate Assets

            In her second issue, Kimberly contends that the trial
court failed to provide for an equitable distribution of the estate assets.  She complains that the executor, Mike,
arbitrarily divided estate assets among nonbeneficiaries and failed to provide
an appropriate accounting of all estate property.  Then, she argues, the court erred when it
ordered that Mike recollect the assets which had been distributed to Mike,
Suzette, and Suzette’s three daughters, Lisa, Lori, and Lynn, and redistribute
them among Kimberly, Mike, and Suzette. 
Instead, Kimberly contends, the trial court should have held Mike and
Suzette personally liable for conversion and waste of the distributed assets as
well as other estate assets for which Mike did not account.

            A decedent has the statutory right to dispose of his or
her property on death in a manner he sees fit. 
Tex. Prob. Code Ann. § 57
(Vernon 2003).  Courts must protect this
right as a matter of public policy.  In
re Estate of Halbert, 172 S.W.3d 194, 199 n.9 (Tex. App.–Texarkana
2005, pet. denied).  The trial court has
a duty to order the independent executor to distribute the property according
to the terms of the will.  Tex. Prob. Code Ann. § 149B(b) (Vernon
2003).  Further, a court has the inherent
power to order the surrender to the estate of the property held by any
party.  See Smith v. Lanier,
998 S.W.2d 324, 336 (Tex. App.–Austin 1999, pet. denied).  This inherent power enables the court to
preserve its own ability to render effective relief and give effect to its
orders.  Id.  

            In this case, the trial court had the authority to
require Mike to redistribute the estate’s assets as specified in the decedent’s
will.  We cannot agree with Kimberly’s
assertion that the trial court should have entered a judgment holding Mike and
Suzette personally liable for the conversion and waste of estate assets.  At the time of the February 21, 2006
hearing, there was no pleading before the court 
seeking this relief.  A party may
not be granted relief in the absence of pleadings and evidence to support that
relief.  See Tex. R. Civ. P. 301; Cunningham
v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983).  We hold that Kimberly’s motion for an
inventory, accounting, and distribution and her objection to Mike’s inventory,
appraisement, and list of claims were not sufficient to support the relief
Kimberly now requests.  Kimberly’s second
issue is overruled.  

 

Disposition

            Having overruled both of Kimberly’s issues, the judgment
of the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 14, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle.

 

 

 

 

 

 

(PUBLISH)











[1] The trial court’s order to collect all of
the personal property that had been distributed did not include a pearl
necklace, a retirement watch, and part of a model car set, which will be
discussed later in this opinion.