In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-177 CV


____________________



TINA MARIE ARMSTRONG, Appellant



V.



JOHN ELDRED ARMSTRONG, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-09-08013-CV






MEMORANDUM OPINION


 Appellee John Eldred Armstrong filed a petition for divorce from appellant Tina
Marie Armstrong. Tina executed a waiver of service, in which she stated that she entered her
appearance in the case for all purposes and agreed that the trial court could consider the case
without further notice to her. Tina did not file an answer or otherwise appear in the
proceeding. After conducting a hearing, the trial court entered a final decree of divorce, in
which it dissolved the parties' marriage on the ground of insupportability and divided the
community assets and liabilities. Tina then filed this appeal pro se. (1) We reform the divorce
decree and affirm the trial court's judgment as reformed.

 In her brief, Tina complains that John's trial counsel fraudulently obtained her
signature on the waiver of service, thereby, denying her due process, and she seeks an equal
division of the property and liabilities. Tina argues that John falsely alleged that she owns
a 1999 Chrysler Sebring, and she denies owning such a vehicle. The appellate record does
not contain any evidence supporting Tina's contentions regarding the Chrysler Sebring or
alleged fraud in obtaining her waiver of service. Therefore, we cannot consider them. See
generally Samara v. Samara, 52 S.W.3d 455, 456 n.1 (Tex. App.--Houston [1st Dist.] 2001,
pet. denied) (op. on reh'g) (Appellate court cannot consider matters outside the record.). 
Furthermore, Tina's brief does not contain citations to the record or to pertinent authorities. 
See Tex. R. App. P. 38.1(h) (Briefs must contain appropriate citations to authorities and to
the record.).

 With respect to Tina's request that we divide the parties' assets and liabilities equally,
the only cognizable complaint she raises concerns the allocation of the parties' debts. In his
petition for divorce, John did not request assignment of his debts to Tina. In addition, John
filed a proposed division of the estate of the parties, in which he listed three community
liabilities and stated that all three should be assigned to him. (2) However, in the divorce
decree, the trial court assigned John's debts, charges, liabilities, and other obligations
incurred solely by him after August 1, 2005, to both John and Tina. The decree also assigned
"[a]ll encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become
due on the personal property awarded to the husband" to both John and Tina. The decree
does not mention or assign Tina's debts, charges, liabilities, and other obligations. A
judgment that is not supported by the pleadings is erroneous. See Tex. R. Civ. P. 301;
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). The portion of the trial
court's decree assigning John's debts to Tina is not supported by the pleadings, and is
therefore patently erroneous. See Tex. R. Civ. P. 301; Cunningham, 660 S.W.2d at 813. We
therefore reform the section of the decree entitled "Debts to Wife," subsection W-1, by
deleting the word "husband" and inserting the word "wife" in its place, and we reform
subsection W-2 by deleting the word "husband" and inserting the word "wife" in its place. 
See Tex. R. App. P. 43.2(b) (Appellate court may modify the trial court's judgment and
affirm it as modified.). As reformed, we affirm the trial court's judgment.

 AFFIRMED AS REFORMED.

 

 STEVE McKEITHEN

 Chief Justice

Submitted on April 20, 2007

Opinion Delivered May 10, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. John is also pro se on appeal.
2. During John's testimony at the hearing, his counsel offered a copy of the proposed
division to the trial court.