*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00752-CV

Penelope **FANNING**, Ana Bergman, Celia Cisneros, Barbara Ofsowitz, and Linda McEvoy,
Appellants

v.

James **PLACE** and Gerry Saum,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10922
Honorable Olin B. Strauss[1], Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: September 29, 2010

REVERSED AND REMANDED

Appellants appeal the trial court's order appointing a receiver. We reverse and remand.

## BACKGROUND

Each of the parties own condominiums at Barrington Condominiums, and is either a present

or past board member of the condominium association. Disputes arose among the parties regarding

---

[1] The Honorable Peter Sakai orally granted the motion to appoint a receiver. The order was signed by the Honorable Olin B. Strauss, sitting by assignment.

appellants' actions as Board members. James Place and Gerry Saum, in their individual capacities, sued appellants for breach of fiduciary duty, fraud, negligence, gross negligence, and for declaratory and injunctive relief.

Several months later, attorney Christopher J. Weber filed on behalf of the Barrington Condominium Association a plea in intervention, an original petition, and a motion to appoint a receiver over the Association's business affairs. Appellants filed a sworn motion to show authority and to disqualify Christopher J. Weber as the attorney for the Barrington Condominium Association, Inc.

At the hearing on the motion to appoint a receiver, appellants argued the court should continue the hearing until the court ruled on whether the Weber law firm had authority to represent the Association. Weber admitted he did not have a board resolution authorizing him to file the intervention or request a receiver. Instead, Weber stated he was the "judicially-appointed lawyer for the association" and that his law firm was ordered "to continue to represent the association's interest, the corporation's interest."[2] The record does not contain such an order.

The trial court heard testimony from one witness and argument of counsel. At the end of the hearing, Appellants again raised the issue of Weber's authority to request a receiver on behalf of the Association. Weber responded:

> My response, your Honor, is that the affidavits that accompany our motion are the affidavits of Place and Saum in their individual capacity advising the Court of the difficulties that they have had getting this corporate body to perform. I am nothing more than a pipeline for bringing this to the attention of the Court.

The trial court granted the motion and appointed a receiver.

---

[2] Weber also stated at the hearing that: "I have not brought this action for receivership in the name of the corporation."

The appellants appeal the trial court's order appointing a receiver.

## DISCUSSION

Appellants contend the trial court abused its discretion by entertaining and granting the motion to appoint a receiver filed by Weber on the Association's behalf because Weber lacked authority to appear on behalf of the Association. We agree.

Appellants filed a motion to show authority pursuant to Texas Rule of Civil Procedure 12. In relevant part, rule 12 states:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party.

TEX. R. CIV. P. 12. Once the motion to show authority is filed, the challenged attorney has the burden of proof to show sufficient authority to represent the client. *Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 905 (Tex. App.—Dallas 2003, no pet.) If sufficient authority is not shown, the attorney is not permitted to appear in the cause. *Id*. Further, if no authorized person appears, the court shall strike the pleadings on file. *Id*.

Weber judicially admitted he did not have authority from the Association to seek the appointment of a receiver. *See Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc*., 936 S.W.2d 275, 278 (Tex. 1996) ("A judicial admission must be a clear, deliberate, and unequivocal statement."). He argued instead that he had been judicially appointed to represent the Association.

There is no order appointing Weber to represent the association in the record.[3] Given Weber's admission, and the fact that the only pleading on file requesting a receiver was the Association's motion, the trial court should not have ruled on the motion to appoint a receiver. Because Weber had no authority to represent the Association, in effect, there was no pleading to support the appointment. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983)(trial court may not grant relief to a party in the absence of pleadings to support that relief); *see also Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); TEX. R. CIV. P. 301. In the absence of pleadings, the trial court's jurisdiction is not invoked and the trial court's order is void. *Cunningham*, 660 S.W.2d at 813.

We hold the trial court abused its discretion in granting the Association's motion to appoint a receiver. We reverse and remand for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice

---

[3] After this appeal was filed, the trial court granted appellant's motion to show authority, and ruled that Weber needed to obtain authority before he could proceed in the case.