Court of Appeals Six Appellant District State of Texas          **Date: Sept. 3rd 2015**
Bi-State Justice Building
100 North State Line Avenue # 20  Texarkana, Texas          FILED IN
Texarkana, Texas 75501          Debra Autrey, Clerk          The Court of Appeals
          Phone: (903) 798-3046  Sixth District

          SEP 08 2015

Re: Trial Ct. 2015-2602-47-CV…Mr. Davis was Added … **Case No. 06-15-00047-CV** 0 8 2015

Dear Debra K. Autrey, Clerk          Texarkana, Texas
          Debra K. Autrey, Clerk

**Re: Possible Defect in Jurisdiction** ….was requested due to **10th COA overcrowded docket** was <u>signed off on by</u> the **Texas Supreme Court** and is covered in "**Texas Rules of Appellant Procedure Rule 17.2**" …this gives the 6th District Court Of Appeals the **exact same** Subject Matter Jurisdiction as the 10th District Court of Appeals.

(1) Merritt v. Davis Lawsuit was initially filed in McLennan County APRIL 2009 due to Statutory Law in Chapter 15 known as MANDATORY VENUE…Section 15.011 Land

(2) Subject Matter Topic was "Title to Mr. Merritt's real property located in McLennan County Clouded by Invalid Document Recorded in McLennan County Deed Records" by Mr. Robert Davis

(The INVALID DOCUMENT was a Justice of Peace Court Order that was made void two ways…(1) JP Court Judge Douglas did not act on his Recusal filed more than 20 Days prior to first hearing and (2) JP Court Judge Douglas Orders were Appealed to County Court at Law in Collin County to County Judge Mason's Court Number One and given Cause # 1-798-2009…She signed the FIAT on Mr. Merritt's Brief showing she obtained Jurisdiction…and Case Law states…Perfection of Appeal nullifies the JP Courts Judgments and Everyone had to proceed as if no verdict had ever been issued…

  (a) HOW DO WE KNOW A RECUSAL MOTION APPLES TO A JP COURT JUDGE back in 2008…. is to Read the verbiage in the Code that Created the Justice Court which is Government Code Chapter 27….See Gov. Code Chapter 27 Section 27.055(b) as it uses the word RECUSAL…and defines it as "Inability To Perform Official Duties" and gives a way for the Judge to Proceed…and IF HE Declines he has to send this to the Judicial Region Judges to read it and make a decision…there is no procedure to make to just say the Recusal does not apply and continue to preside…as Texas Case Law voids subsequent orders issued by a Judge who refused to abide by his Recusal….

  (b) The Document that was Recorded by Mr. Davis and Mr. Andrews was the J.P. Court order that was made invalid two ways described above…

(3) WHAT COUNTY HAS JURISDICATION OVER AN INVALID DOCUMENT No Matter When the DOCUMENT IS RECORDED…See Mandatory Venue Statue in Civ.Prac.&Rem.Code Chapter 15 Section 15.011

Sec. 15.011. LAND. Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to

**real property, for recovery of damages to real property, or to quiet title to real property <u>shall</u> be brought in the county in <u>which all or a part of the property is located</u>.**

The word "shall" being used in this Statutory Law means "no exceptions"...and since the only real property Mr. Merritt owned at that time in the entire state of Texas was real property located in McLennan County Texas...means this is the ONLY County in Texas that a Lawsuit regarding Clouding Title to real property has to be adjudicated...yet Merritt v. Davis was erroneously Transferred to Collin County....where Collin County lacked Subject Matter Jurisdiction over this case....Texas Case Law states the following Unlike Personal or Territorial...Subject Matter Jurisdiction can not be waived...any Judgment from a Court that lacked subject matter jurisdiction is forever a nullity per Mapco Ins. v Forrest, 795 S.W.2d 700, 703 (Tex. 1990) and **Res Judicata** DOES NOT APPLY per Citizens Ins. of Am v Daccach, 217 S.W.3d 430, 452-53 (Tex. 2007) also note that the 5th COA could only dismiss and remand...since it had no jurisdiction over VOID by Case Law Orders issued by Collin County...and the simple fact that Collin County lacked subject matter jurisdiction over Merritt v. Davis...is what caused Judge Wooten's orders to become void...therefore...if anyone wants to argue this point, then you must show how Collin County obtained Subject Matter Jurisdiction over real property located in McLennan County Texas back in 2009...and tell us what Statutory Law over-rules Civ.Prac.&Rem.Code Chapter 15 Mandatory Venue of Sec. 15.011

(4) The Vexatious Litigant Order that was sua sponted by Judge Wooten was made VOID due to the undeniable fact the 380th Dist Court in Collin County DID NOT have SUBJECT MATTER JURISDICTION over Merritt v. Davis originally filed in McLennan County...because Statutory Law gave **"Exclusive Jurisdiction"** to where the real property being clouded was located...which was...**McLennan County Texas.**
 **(a) No court is allowed to "sua sponta" a Vexatious Litigant Order and Texas Case Law voids orders issued by Courts that lack subject matter jurisdiction SEE #3**...The Vexatious Litigant Statute itself uses the word "shall" mean no exceptions...and the fact the 380th Dist Courts order were void due to lack of Subject Matter Jurisdiction it was also Void since the Defendant admits he never filed a MOTION...Texas Case Law of Cunningham v. Parkdale Bank. 660 S.W.2d 813 (Tex. 1983)....held... "where there is no pending pleading, there can be no judgment, the court can not act on it's own, caused any order issued to become void not binding on anyone...Also See Tex. S. Ct. Case Law. In my Brief on page 12...**void orders are not binding on anyone or any court.**

(5) No Court or Case Law has the Power to over-ride Statutory Law...but...It takes a **COA** to **resend the Vexatious Litigant Order**...this can not be done by a District Court.

Respectfully Submitted.

*[signature]*

Lowell Merritt / Appellant / 2470 E. Stone Rd. Wylie, TX. 75098 / (214) 778-5430