**Concurring Opinion Filed February 22, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-19-01216-CV

**NINETY NINE PHYSICIAN SERVICES, PLLC, Appellant**
**V.**
**BRIAN MURRAY, DR. LAURIE FAIRALL, TESTSMARTRX 1101, LP,**
**AND TESTSMARTRX, LLC, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07448**

## CONCURRING OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Concurring Opinion by Justice Partida-Kipness

I concur with the majority in reversing the trial court's order vacating the

arbitrator's attorneys' fees award and rendering judgment affirming the award. I

disagree, however, with the majority's conclusion that an arbitrator has authority

under the American Arbitration Association (AAA)'s Commercial Rules to treat

post-hearing briefing as a request for attorneys' fees. Such a conclusion contravenes

our fair notice pleading requirements.

The majority correctly notes that a mistake of fact or law by an arbitrator in

the application of substantive law is not grounds for vacating an award.

*See Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). Despite this recognition, the majority concludes that the arbitrator was within his authority to treat the parties' post-hearing briefing as a request for attorneys' fees. As apparent by the majority's analysis, there is a dearth of authority addressing what constitutes a request for an award of attorneys' fees under the AAA rules. Citing no guidance beyond the AAA rules themselves, the majority concludes that an arbitrator's broad authority to interpret his powers and duties under the AAA rules includes his authority to determine what constitutes a request for attorneys' fees. In other words, the majority concludes that the arbitrator had authority to establish his own procedures, absent any fair notice safeguards.

The AAA rules do not state what constitutes a request for attorneys' fees or when the parties must make such a request. This does not mean, however, that the arbitrator has free reign to determine whether and when a party has made such a request. On the contrary, our procedural rules apply to procedural issues in arbitrated claims. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271–72 (Tex. 1992) ("[F]ederal procedure does not apply in Texas courts, even when Texas courts apply the Federal Act."); *Craig v. Sw. Secs., Inc.*, No. 05-16-01378-CV, 2017 WL 6503213, at *2 (Tex. App.—Dallas Dec. 18, 2017, no pet.) (mem. op.) (in arbitration under the FAA, "Texas law, and specifically the Texas General Arbitration Act (TAA), governs the procedural matters"); *In re Chestnut Energy Partners, Inc.*, 300

S.W.3d 386, 395 (Tex. App.—Dallas 2009, pet. denied) (same); *J.D. Edwards World Sols. Co. v. Estes, Inc.*, 91 S.W.3d 836, 839 (Tex. App.—Fort Worth 2002, pet. denied) (same); *see also Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 845–46 (Tex. App.—Dallas 2012, no pet.) (pre-arbitration, trial-court proceedings are governed by the TAA and rules of civil procedure). Under our procedural rules, it is fundamental that "a party may not be granted relief in the absence of pleadings to support that relief."[1] *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *Deborah Bergs & Occupants v. Bank One Nat'l Ass'n*, No. 05-01-00353-CV, 2002 WL 1969392, at *4 (Tex. App.—Dallas Aug. 27, 2002, no pet.); *In re Marriage of Christensen*, 570 S.W.3d 933, 939 (Tex. App.—Texarkana 2019, no pet.). Consequently, "[a] general prayer for relief will not support an award of attorney's fees because it is a request for affirmative relief that must be supported by the pleadings." *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 884 (Tex. App.—Dallas 2009, no pet.).

The record reflects that appellant asserted counterclaims for fraud and fraudulent inducement and sought only actual and punitive damages. This is

---

[1] The AAA rules employ a similar fair notice pleading concept. *See* AM. ARBITRATION ASS'N, Commercial Arbitration Rules & Mediation Procedures, R–4(e)(iv) (eff. Oct. 1, 2013) (a complainant must include in its arbitration demand a "statement setting forth the nature of the claim including the relief sought and the amount involved"), R-5(b) (a respondent wishing to assert counterclaims must, likewise, file a timely counterclaim, "setting forth the nature of the counterclaim including the relief sought and the amount involved"), R-6(b) (parties may not make a new or different claim or counterclaim after the arbitrator has been appointed without the arbitrator's consent) However, the AAA rules do not treat attorneys' fees as a claim, *see, e.g.*, *id.* R-1(c) (discussing procedures for large and complex cases as determined by the value of the claim "exclusive of claimed interest, attorneys' fees, arbitration fees and costs"), or include pleading requirements for attorneys' fees.

insufficient to support an award of attorneys' fees. *See id.* Because appellant did not file any pleading affirmatively seeking attorneys' fees until after the arbitration hearing, the arbitrator abused his discretion in awarding attorneys' fees to appellant. *See Cunningham*, 660 S.W.2d at 813. The arbitrator's mistake of law, however, is not grounds to vacate the award, *see Centex/Vestal*, 314 S.W.3d at 683, and the trial court erred in doing so. Consequently, appellant was entitled to enforcement of the attorneys' fees award but not on the basis relied upon by the majority.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

191216CF.P05