**Reverse and Remand and Opinion Filed June 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00937-CV**

**IN THE INTEREST OF S.M.G. AND A.I.G., CHILDREN**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-04677**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

Father and Mother are the parents of "S__M___ Gonzalez Rodriguez" and "A___I___ Gonzalez Rodriguez." Rodriguez is Mother's last name, and Gonzalez is Father's last name. Mother appeals from the trial court's June 15, 2022 Order Granting Change of Names of Children. Mother argues the trial court abused its discretion by hyphenating the children's last name to "Gonzalez-Rodriguez," instead of granting her request to remove "Gonzalez," and by granting more relief than requested. We reverse and remand for further proceedings.

## Background

On January 12, 2022, the trial court signed an order adjudicating parentage and appointing Mother as sole managing conservator of S.M., born April 12, 2019, and A.I., born August 26, 2020. On February 10, 2022, Mother filed a Petition for Change of Names of Children to remove Gonzalez from the children's last name "because the children's father has not been present in the children's lives for 18 months[,] has not supported the children since birth," and the change is in their best interest.

The trial court held hearings on May 11, 2022, and June 9, 2022. Although duly and properly served, Father did not answer or appear.[1]

During the hearings, Mother testified she wanted the name change (1) to avoid inconvenience, confusion, and disruption for the children, especially because S.M. was starting school in August; (2) she had close extended family in the area with the last name Rodriguez; (3) she did not plan on changing her name in the future; (4) she was not seeking a name change in an attempt to alienate Father; and (5) the name change was in the children's best interest. The children's birth certificates listing their last name as "Gonzalez Rodriguez" were also admitted into evidence.

Following Mother's testimony, the trial court denied Mother's name change and instead orally ruled as follows:

---

[1] Father has not filed an appellee brief in this Court.

So what the Court will do is allow you to put a hyphen between the last names. The name will be corrected to put a hyphen in between the last name of the father and the mother. The court does grant it in that regard. Other than that, all other relief is denied - - not in the best interest of the children. You can put a hyphen in between the two names so that it can be a hyphenated name.

On June 15, 2022, the trial court signed an order changing the children's last name to "Gonzalez-Rodriguez" and ordered the State of Texas, Bureau of Vital Statistics to change the last name of both children "in accordance with this order."

Mother filed a request for findings of fact and conclusions of law and a motion for new trial in which she argued the evidence was legally and factually insufficient to support the trial court's order hyphenating the children's last name, and the trial court abused its discretion by ordering relief beyond her request. Her motion for new trial was overruled by operation of law, and the trial court issued findings of fact and conclusions of law on October 13, 2022. This appeal followed.

**Discussion**

Mother argues the trial court abused its discretion by hyphenating the children's last name because the evidence was legally and factually insufficient to establish that hyphenating the last name was in the children's best interest. She also argues "[t]he only requested relief before the trial court was [her] request to remove Gonzalez from the children's last name."

Because the relief granted by the trial court is dispositive, we address it first. Texas Rule of Civil Procedure 301 provides that "[t]he judgment of the court shall conform to the pleadings," or it is erroneous. TEX. R. CIV. P. 301; *Guillory v.*

–3–

*Dietrich*, 598 S.W.3d 284, 294 (Tex. App.—Dallas 2020, pet. denied). A trial court has no authority to grant relief not requested by the parties. *Id.*; *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) ("a party may not be granted relief in the absence of pleadings to support that relief"). Such relief is generally that which the parties have requested in a live pleading. *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding). This is so because pleadings must provide fair notice of the claims asserted and allow the opposing party to ascertain the nature and basic issues of the controversy. *In re N.L.V.*, No. 04-09-00640-CV, 2011 WL 1734228, at *4 (Tex. App.—San Antonio May 4, 2011, no pet.) (mem. op.).

In determining whether a judgment conforms to the pleadings, we view the pleadings as a whole. *James v. Comm'n for Law. Disciple*, 310 S.W.3d 598, 612 (Tex. App.—Dallas 2010, no pet.). A prayer for general relief will support any relief raised by the evidence and consistent with the allegations in the petition. *Id.*

In her Petition for Change of Names of Children, Mother requested the children's last names be changed from "Gonzalez Rodriguez" to "Rodriquez." Although not in a live pleading, she also indicated during a hearing that "Gonzalez" could be the children's middle name if the trial court did not remove it completely. However, there is neither a live pleading nor evidence in the record indicating Mother requested a hyphenated last name.

The trial court was tasked with considering whether Mother met her burden of establishing that it was in the children's best interest to change their last name from "Gonzalez Rodriguez" to "Rodriguez," or broadly construing the evidence, whether it was in the children's best interest for "Gonzalez" to be their middle name. The trial court did neither. Accordingly, the trial court's order hyphenating the children's last name to "Gonzalez-Rodriguez" does not conform to Mother's petition or requested relief and is erroneous. *Id.*; *see also* TEX. R. CIV. P. 301. We need not address or express any opinion on whether the evidence was legally and factually sufficient to support the trial court's order hyphenating the last name. TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's June 15, 2022 Order Granting Change of Names of Children and remand for further proceedings.

220937f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.M.G.
AND A.I.G., CHILDREN

No. 05-22-00937-CV

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-04677.
Opinion delivered by Justice Nowell.
Justices Goldstein and Breedlove
participating.

In accordance with this Court's opinion of this date, the trial court's June 15, 2022 Order Granting Change of Names of Children is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Esther Montserrat Rodriguez recover her costs of this appeal from appellee Hannibal Gonzalez.

Judgment entered this 13th day of June, 2023.