In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00148-CV
IN THE INTEREST OF E.E.G. AND J.I.G.

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 11-05-05247-CV

## MEMORANDUM OPINION

This is an appeal from an "Order on De Novo Hearing Before Referring Court[.]" "Eddie" and "Jacob" are the children who are the subject of the suit, and they were almost 15 and 14 years old respectively at the time of the trial court's Order.[1] The children's father, "Rick," is the Appellant, and he raises two issues on appeal challenging the Order. For the reasons explained below, we affirm.

---

[1] We use pseudonyms to refer to the children and other family members. *See* Tex. Fam. Code Ann. § 109.002(d).

## Procedural Background

### The Prior Orders

In 2012, the trial court signed an agreed Final Decree of Divorce between Rick and Nora. Rick and Nora had two children, Eddie and Jacob—Eddie was about three-and-a half years old at the time of the divorce, and Jacob was about two-and-a-half years old. In the Decree, the trial court ordered Rick to pay child support of $807 per month, or 25% of his monthly income of $3,227.96.

In April of 2014, the trial court issued an Order Enforcing Child Support Obligation, finding that Rick owed $12,757.48 in child support arrearage. The trial court also found Rick in contempt for four counts of failure to pay court-ordered child support and ordered that he be committed to the county jail for 180 days.

In December of 2016, the trial court issued an Order Enforcing and Temporary Order Modifying Medical Support Obligation, confirming that Rick owed $16,353.05 in child support arrearage. The trial court also modified the Divorce Decree by ordering Rick to pay $50 per month in cash for medical support. In June of 2017, these findings were adopted and included in an Order styled as "Order Enforcing and Modifying Support Obligation Following De Novo[.]"

In August of 2019, the trial court signed an Agreed Order in Suit to Modify Parent-Child Relationship, finding that Rick owed $26,101.71 in child support arrearage, and he owed $1,057.61 in medical support.

In March of 2020, the trial court signed another Agreed Order in Suit to Modify Parent-Child Relationship, finding that Rick had $3,224 in net monthly resources and ordering him to pay $806 per month in child support.

The Office of the Attorney General ("AG") filed a Suit for Modification of Support Order and Motion to Confirm Support Arrearage on May 22, 2023. Therein, the AG requested that the trial court modify the March 2020 order that found Rick's net monthly resources were $3,224 and sought an inquiry into Rick's ability to pay. The AG also alleged that Rick's child support arrearage as of May 21, 2023, was $16,787.96 and his medical support arrearage was $2,244.24. After a hearing in February of 2024, an associate judge signed a modification order finding that Rick was $22,782.18 in arrears on child support and $2,739.82 in arrears on medical support, finding no material and substantial change since the prior order, and denying the request for modification. The trial court held a de novo hearing on March 12, 2024 on the AG's request to modify child support. At the time of the hearing, Jacob was almost 14 years old, and Eddie was almost 15 years old.

## Evidence at Trial

At the de novo hearing, counsel for the AG told the trial court that in a previous administrative hearing, the AG argued against modification of the previous order. Nora's counsel also told the trial court that she was not asking for a modification of child support. According to Nora's counsel, Rick requested the de

3

novo hearing. The trial court noted that it was "unusual[]" for Rick to ask for the hearing "on an issue that he didn't plead for."

Rick testified that he is a licensed master plumber, he used to have his own plumbing business, and after some hard times during the pandemic, he passed the business to Barbara, his current wife. He testified that two of his children were the subject of the current suit, and he also had two other children with his current wife. According to Rick, he and Barbara were separated at the time of the hearing.

Rick identified certain exhibits as his paycheck stubs, his tax records, and his bank statements. Rick agreed his gross income averaged $2,691.14 per month, and he agreed that his monthly child support obligation should be $372.43 per month. Rick testified that his income in the previous year was about $32,000, and as of the time of the hearing, he owed taxes to the IRS. He testified that his income in 2021 was $14,360. Rick stated that he wanted his monthly child support to be set at $372.43 per month. Rick did not recall if in the previous administrative hearing he asked for his child support to be about $600.

Rick testified that he is the only licensed plumber in his plumbing business. According to Rick, he works when he can, but he is not able to work for another company because he has seizures, which started after a head injury when he was about 13 years old. Rick testified that his plumbing business has eight other employees, and his wife's uncle handles the finances.

4

The trial court asked Rick, "You can barely make ends meet right now. Is that [] a fact?" And Rick replied, "that's a fact." The court asked Rick if he knew how much child support he owed, and Rick replied, "[a]bout [$]22,000." Upon further questioning by the trial court, Rick agreed that he has at times spent more than $50 going out to eat, and that he has given his current wife Barbara money for child support. The trial court observed that Rick's bank statements in evidence showed charges of $65 at one restaurant, $70 at another restaurant, and $100 at a third restaurant. After noting that based on his financial records, it did not appear that Rick had made child support a priority, the trial court denied Rick's request to modify his child support. The trial court also stated that the court was not sure Rick was entitled to a modification because he did not ask for a modification "to begin with[]" and there was nothing to support any requested relief.

After the hearing, the trial court signed an Order on De Novo Hearing Before Referring Court approving and adopting the associate judge's recommendation. Rick filed a Notice of Appeal.

## Issues

Appellant raises two issues on appeal. In his first issue, he argues that the trial court abused its discretion because there was no probative or substantive evidence to support denial of the modification. And in his second issue, he argues that the trial

5

court acted "arbitrarily, unreasonably, or without reference to guiding rules or principles[]" when questioning him at trial.

Analysis

Issue One

In his first issue, Appellant argues there is uncontroverted evidence that shows he is entitled to a modification of his child-support obligation as a matter of law. According to Appellant, a "material and substantial change in circumstances" exists because he has other children to support. He also argues that child support imposed by the previous order is "not in line" with his current income and he cannot obtain employment through his union due to his disability. Appellant argues in the alternative that he has met the requirements of section 156.401(a)(2) of the Family Code, which justifies a modification absent a material and substantial change of circumstances.

At the hearing, the trial court noted that Rick had filed no pleading requesting a modification. Rick's trial counsel told the trial court that he agreed he had no pleadings to support a request for modification. A judgment must be supported by the pleadings, and a party may not be granted relief in the absence of pleadings to support such relief. *See* Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings[.]"); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (a judgment must be supported by the pleadings). Our appellate record

includes no pleading or a motion for modification on file with the trial court except for his Request for De Novo Hearing after the hearing before an associate judge. The Request asks the trial court to "reform the temporary order rendered by the associate[] Judge and grant relief requested in [Rick's] prior pleadings[,]" however, Rick filed no "prior pleadings." Appellant was not entitled to relief because he had filed no pleading with the trial court seeking a modification. *See Cunningham*, 660 S.W.2d at 813. We conclude the trial court did not err, and we overrule Appellant's first issue.

Issue Two

In his second issue, Appellant challenges the trial court's questioning of him at trial, and Appellant contends that the trial court ruled without reference to any guiding rules or principles when it decided that the standard for modification was "making ends meet." Specifically, Appellant objects to the following line of questions the trial court asked him at trial:

> The Court: I'm just asking you a question, sir. You can barely make ends meet right now. Is that [] a fact?
>
> . . .
>
> The Court: Okay. Did you ever go out to eat during that time frame and spend over $50 at a restaurant?
>
> . . .
>
> The Court: [Y]ou're barely making ends meet, it looks like in April you gave [Barbara] $200, you spent $25 at Starbucks, and there in April, you spent $65 at a restaurant, Taqueria Arandas, and then there's a day on October 16th where you spent $70 at one restaurant, another 70 at another restaurant, which is a total of $140. The very next day, you spent over $100 at

7

Golden Seafood. Okay. That doesn't sound like someone who's barely making ends meet, sir.

. . .

The Court: Okay. Well, I'll [] tell you what. Who's [Barbara]?

[Rick]: She's currently my wife right now.

The Court: Okay. So you paid her $200 in April?

. . .

The Court: It simply doesn't sound like it matches up for me. You have to pick what's a priority; and it doesn't appear, based on your spending in just this document here, that you've made child support for these two children your priority. And unless you have anything else to present, I'm denying your request today.

Appellant argues that Texas case law provides no support for these questions nor for "barely getting by" as a standard for modification of child support. Further, Appellant argues that the Family Code does not support "making child support a priority as a standard for modification of child support." Therefore, according to Appellant, the trial court's questions do not provide any probative or substantive evidence relevant to whether there had been a material and substantial change or whether Appellant was entitled to a modification.

The Appellee argues that Appellant failed to preserve error on this issue. We agree. To preserve error for appeal, a party must make its objection to the trial court in a timely fashion and obtain a ruling thereon. *See* Tex. R. App. P. 33.1. Failure to make a complaint known to the trial court in a timely manner waives the complaint on appeal. *See Price v. Gardner*, No. 09-24-00193-CV, 2025 Tex. App. LEXIS 181,

8

at \*\*4-5 (Tex. App.—Beaumont Jan. 16, 2025, no pet.) (mem. op.). The record does not reflect that Appellant ever objected to the trial court's questioning nor to the use of the admitted exhibits. Therefore, we conclude that Appellant failed to preserve this issue for appeal, and we overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's order.

AFFIRMED.


LEANNE JOHNSON
Justice

Submitted on January 29, 2025
Opinion Delivered July 3, 2025

Before Johnson, Wright and Chambers, JJ.

9