SHAW TANK CLEANING CO., Inc.,
Appellant,

v.

TEXAS PIPELINE CO., Inc., Appellee.

No. 7909.

Court of Civil Appeals of Texas.

Amarillo.

May 19, 1969.

Rehearing Denied June 16, 1969.

Simpson, Adkins, Fullingim & Hankins and Jewett E. Huff, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry and Jerry F. Lyons, Amarillo, for appellee.

DENTON, Chief Justice.

Texas Pipeline Company, Inc. brought suit against Shaw Tank Cleaning Company, Inc., for damages for the destruction by fire of a crude oil storage tank. The trial court rendered judgment for the plaintiff on the jury verdict.

The plaintiff was the owner of an 80,-000-barrel crude oil storage tank located in Gray County. The defendant entered into a written contract with plaintiff whereby defendant was to remove basic sediment and waste material from the tank and clean the tank with its own tools and equipment. During the course of the cleaning operation a flash fire or explosion occurred within the dike surrounding the tank and destroyed the storage tank. The jury found the defendant below: (1)

failed to test the vicinity for flammable vapors; (2) failed to eliminate all sources of ignition where flammable vapors were present; (3) failed to vapor free the tank and surrounding area; and (4) performed work inside the dike not essential to vapor removal in the presence of combustible vapors. The jury further found each act or omission was negligence and a proximate cause of the plaintiff's damages. Defendant objected to each of the primary issues on the ground they were a comment on the evidence; that Issues 1a and 2a were global submissions; that Issues 3a and 4a were shades or degrees of other issues submitted and the cumulative effect of such alleged errors was reversible.

■ The objection to the special issues did not specifically point out wherein they are a comment on the evidence or in what respect they are global or in the manner they are shades or degrees of other issues submitted. However, we do not think the objections are well taken. By brief appellant takes the position the issues assumed the fact that work was being carried on at the time in question, and that there were sources of ignition present in the vicinity where work was being conducted. Issues 1a, 2a and 3a all inquired if a specific alleged act or omission was committed "in performing the work it was doing at the time in question." It is undisputed appellant's employees were in the dike near the tank and were in the process of cleaning the tank at the time of the fire. It is undisputed the work was being done under the terms of a written contract, nor can it be disputed there were sources of ignition present in the area. There is no error in assuming in a special issue an uncontroverted fact. Moses v. Adams (Tex.Civ.App.) 428 S.W.2d 131. Bryant v. Banner Dairies (Tex.Civ.App.) 255 S.W.2d 271. Sears Roebuck & Company v. Blackburn (Tex.Civ.App.) 305 S.W.2d 791. The alleged acts of negligence, if any, could only be committed by appellant's employees while performing the work they had been employed to do.

■ Appellant further contends the issues were not individually conditioned upon the answer of the previous issue. The trial court conditioned subdivisions b, c and d of each of the four primary issues upon the jury finding the "defendant failed" to perform a certain act. The conditioned instruction was not placed before each separate issue. Although we do not consider this the best practice, we do not think it constitutes a comment on the evidence. Subdivisions a, b, and c inquired if the alleged act complained of was performed in a good and workmanlike manner; was such failure negligence, and a proximate cause. These subordinate issues were to be answered only in the event an affirmative answer was given to the primary issue. Each of the subordinate issues included the words "such failure." This obviously referred to the failure the jury was required to have found to have occurred by their answer to subdivision a of the issue. We do not think it can be said the jury was misled by this manner of submission. If this was error, it was harmless. Rule 434, Texas Rules of Civil Procedure.

■ Appellant objected to special issues 1a and 2a on the ground the submission of the two issues was global. Again appellant's objection does not point out in what respect the issues were global, however the thesis of their argument is the issues as framed failed to point out specific acts which caused the fire. Their position is the issues were phrased in general terms and related to appellant "performing the work it was doing." These two issues were submitted in the language of the pleadings and no exceptions to such pleadings were presented to the trial court. Appellant has much to say about the failure of appellee to prove the origin and cause of the fire. Proof of the origin of most fires is dependent upon circumstantial evidence. Thoreson v. Thompson, 431 S.W.2d 341 (Sup.Ct.). Sharpe v. Munoz (Tex.Civ.App.) 256 S.W.2d 890 (Ref. N.R.E.). Appellant does not content there is no evi-

dence or insufficient evidence to support the jury's affirmative answers to the special issues.

■ Appellant agreed, according to the alleged contract of employment, to clean appellee's tank and it is undisputed appellant's employees were engaged in this work at the time of the fire. Appellee alleged the fire occurred because appellant's employees failed to test for flammable vapors; and failed to eliminate all sources of ignition from the area. While these alleged acts of negligence, together with the alleged acts submitted by Issues 3 and 4, are negative, nevertheless torts may be based upon nonfeasance or omission to act on as well as acts of commission. Montgomery Ward & Company v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508. Leon's Shoe Stores v. Hornsby (Tex.Civ. App.) 306 S.W.2d 402. 86 C.J.S. Torts § 16, p. 933. We think the issues complained of inquiring about specific acts of omission or nonfeasance were properly submitted and are not subject to the objection of being global. Querner v. De Spain (Tex.Civ.App.) 339 S.W.2d 723 (Ref. N. R.E.). South Austin Drive-In Theatre v. Thomison (Tex.Civ.App.) 421 S.W.2d 933 (Ref. N.R.E.).

■ Appellant also contends issue 3a is a shade or degree of issue 1a and issue 4a is a shade or degree of the matter inquired about in issues 1a and 3a. Special issue 3a, inquiring if appellant failed to "vapor free" the tank and surrounding area cannot be said to be a shade or phase of special issue 1a. The latter issue related to appellant's alleged failure to "test" the area for flammable vapors. However, issue 4a related to appellant's performing work "not essential to vapor removal" and is clearly a phase of issue 3a. Both issues have to do with the alleged negligent act of failure to remove flammable vapors from the area. Although appellant does not include issue 2a in its complaint here, we think that issue also relates to the failure to remove flammable vapors from the area. That issue inquires if appellant

"failed to eliminate sources of ignition" from the area. Special issues 2a, 3a and 4a are duplicitous and submit the same fact issue in different form and shade. This method of submission of special issues is improper. Texas & Pacific Railway Company v. Snider, 159 Tex. 380, 321 S.W.2d 280. Although the court could have submitted this alleged negligent act or omission in one series of special issues, we cannot say such error was so harmful as to require a reversal and new trial. We find nothing in this record to indicate the giving of these issues in the form submitted was reasonably calculated to and probably did cause the rendition of an improper judgment. Holmes v. J. C. Penney Company, 382 S.W.2d 472 (Sup.Ct.). Dallas Railway & Terminal Company v. Bailey, 151 Tex. 359, 250 S.W.2d 379. Rule 434, T.R.C.P.

■ Appellant next challenges the trial court's instruction given in connection with the primary damage issue. The instruction read: "You are instructed that in answering this issue you may consider only the cost, if any, of restoration, reduced by any betterment which might result from the replacement of the existing tank with a new tank, if from the evidence you conclude that betterment did result." Appellant contends the instruction did not eliminate any deterioration of the tank through some thirty years of use and it failed to include elements of damages to be included and excluded by the jury. The appellee pleaded and proved the tank had no market value in that it was permanently attached to appellee's realty and the specialized use of the tank was an integral part of appellee's pipeline system. It is undisputed the tank was totally destroyed except for a salvage value of $2500.00. Ordinarily the measure of damages of property destruction is the market value of the property destroyed, however where there is no market value the proper measure of damages is the cost of replacement of the article. International Great Northern Railway Company v. Casey (Tex.Com.App.) 46 S.W.2d 669.

Allis-Chalmers Manufacturing Co. v. Board (Tex.Civ.App.) 118 S.W.2d 996. Rosenfield v. White (Tex.Civ.App.) 267 S.W.2d 596 (Ref. N.R.E.). Smith v. Dye (Tex.Civ.App.) 294 S.W.2d 452. The court instructed the jury to consider only the cost of restoration "reduced by any betterment which might result from the replacement of the existing tank with a new tank." This instruction properly included the elements of depreciation, obsolescence, if any, and anticipated serviceability of the tank which was destroyed. As in the case of the special issues previously discussed, appellant has not challenged the sufficiency of the evidence to support the jury finding.

■ In special issue No. 7, the trial court inquired if the tank in question could not be sold except for a junk or salvage price immediately before the fire. The jury found it could not. Appellant's objection that the term "junk or salvage" was not defined is without merit. Appellant failed to request in writing and tender to the court a substantially correct definition. Such action does not meet the requirements of Rule 279, T.R.C.P. Yellow Cab & Baggage Company v. Green, 154 Tex. 330, 277 S.W.2d 92. In addition, we do not think "junk and salvage price" are legal or technical terms which require a definition under Rule 277, T.R.C.P. There was evidence to support this issue and the jury finding. The issue did not inquire about the junk or salvage value but was obviously submitted for the purpose of securing a jury determination of whether or not the tank had a market value. There was probative evidence the tank had no market value immediately before the fire.

■ Appellant further contends special issues 2a and 3a place a greater burden on it than the duty of ordinary care. We see no merit in this contention. Appellant's employment was being performed under a written contract. This contract created the relationship out of which grew the duty to use care in the performance of the work. The contract required the common-law duty to perform the work in a "good and workmanlike manner." The subordinate issues of 2a and 3a imposed this duty upon appellant and inquired if such act or omission was negligence and a proximate cause of appellee's damages. Denison Light & Power Company v. Patton, 105 Tex. 621, 154 S.W. 540, 45 L.R.A., N.S., 303; McCall v. Marshall, 398 S.W. 2d 106 (Sup.Ct.). The issues as submitted did not impose a greater duty upon appellant than that required by law. Whether or not a legal duty exists under a state of facts is essentially a question of law. Webb v. City of Lubbock (Tex.Civ.App.) 380 S.W.2d 135 (Ref. N.R.E.). The failure of the trial court to define "good and workmanlike manner" likewise does not constitute error. No definition or explanation was tendered. Rule 279.

■ Appellant's next point of error relates to the admission of a witness' answer to a hypothetical question. The objection was "on the basis that the predicate hasn't been laid by producing evidence of all the elements contained in his hypothesis." The objection was too general and failed to specify in what respect it did not conform to the evidence. Texas Indemnity Insurance Company v. Perdue (Tex.Civ.App.) 64 S.W.2d 386 (Error Ref.). Geochemical Surveys v. Dietz (Tex.Civ.App.) 340 S.W. 2d 114 (Ref. N.R.E.).

■ It is next contended the trial court erred in admitting into evidence the testimony of an expert witness as to possible causes of the fire in question. The testimony objected to was in answer to the inquiry "what possible sources of ignition were there that you can think of?" The witness, over appellant's objection, named three different activities that "could" be the source of the ignition. It is apparent this testimony was not illicited for the purpose of attempting to prove the cause of the fire. This expert witness, along with others, testified the "source of ignition", "based on scientific probabilities" and upon

**856** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

the facts given the witness, "had to come from outside the tank in connection with some of the men or equipment." No direct evidence was offered to show how the fire was started. We do not think the admission of such testimony presents error. Appellee's alleged cause of action was based on circumstantial evidence. The substance of the opinions expressed demonstrate the basis of such opinion and was admissible to show the causal connection between the fire and the work being performed. Otis Elevator Company v. Wood, 436 S.W.2d 324 (Sup.Ct.).

▮▮▮ Appellant next contends error was committed in admitting into evidence a pamphlet of the American Petroleum Institute entitled "Cleaning Petroleum Storage Tanks" on the ground it constituted hearsay. The pamphlet contained basically the same information and recommended procedures testified to by the consulting engineer who had had experience in this field. The error, if any, in the trial court permitting the introduction of the pamphlet does not require reversal where the entire record reveals admissible testimony of like import is sufficient to sustain the verdict. Mueller v. Central Power & Light Company (Tex.Civ.App.) 403 S.W.2d 901. Perez v. San Antonio Transit Company (Tex.Civ.App.) 342 S.W.2d 802 (Error Ref.). We do not think the admission of the pamphlet constituted reversible error.

Lastly, appellant asserts the cumulative effect of the errors complained of constitutes reversible error. In considering appellant's other points of error, we have held reversible error has not been established. The errors pointed out were harmless in our view and their cumulative effect would not result in reversible error so as to authorize a new trial. Rule 434, T. R.C.P.

The judgment of the trial court is affirmed.