COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEREX UTILITIES, INC., | § | No. 08-11-00342-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court at Law No. 2 |
| REPUBLIC INTELLIGENT | § | |
| TRANSPORTATION SERVICES, INC., | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 10-84639-2) |
| | § | |

## **O P I N I O N**

Appellant, Terex Utilities, Inc., appeals from the trial court's order denying its traditional motion for summary judgment and granting traditional summary judgment in favor of Republic Intelligent Transportation Services, Inc., Appellee.[1]  We affirm in part and reverse in part the trial court's judgment.

## **BACKGROUND**

Pursuant to written contract executed on or about August 23, 2007, Terex rented to Republic a "custom TEREX Commander model hydraulic rotating digger derrick truck," (the truck) which Terex describes as "a custom piece of specialty equipment specifically manufactured for TEREX [that is] not readily available on the open market."[2]  On September 8, 2009, while being operated by a Republic employee, representative, or agent, the truck was damaged beyond repair in a single-vehicle rollover accident.

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

[2] Although Appellant referenced the contract in the body of its original petition and noted that the contract was attached as an exhibit, no copy of the contract is presented with the original petition in the appellate record but is affixed to Terex's summary-judgment motion.

The rental contract contained a loss-or-damage provision whereby Republic agreed to pay Terex for all losses and damages, including the full-replacement value of the equipment occasioned by accident occurring during the term of the rental agreement. The contract also required that Republic maintain insurance coverage during the rental period and that Republic's insurance policy or its endorsements contain language providing for the repair or replacement of the equipment at full-replacement cost.

After Republic tendered $100,075.13 as payment for the loss of the truck, Terex filed suit for negligence and breach of contract seeking damages of $38,000, pre- and post-judgment interest, attorneys' fees, and court costs. In its answer, Republic generally denied Terex's allegations and asserted an affirmative defense of unjust enrichment. Terex and Republic thereafter filed competing summary-judgment motions.

In its traditional summary-judgment motion, as in its original petition, Terex asserted that the full-replacement cost of the truck was $138,273.50, and argued that it had proven the essential breach-of-contract elements including: (1) existence of a valid contract, (2) Terex's performance of the terms of the contract, (3) Republic's breach of the contract by failing to pay the full-replacement value of the truck, and (4) actual damages of $38,198.37. TEX. R. CIV. P. 166a(c); *Rice v. Metropolitan Life Ins. Co.*, 324 S.W.3d 660 (Tex.App. – Fort Worth 2010, no pet.). In support of its motion, Terex provided evidence of a written quotation provided by Terex Utilities to Terex Utilities Rental for a new, 2009 "model hydraulic rotating digger derrick with a turntable winch" utilizing a 2009 Ford F-750 chassis at a cost of $138, 273.50, accompanied by a quote cost sheet in support of the written price quote with no profit mark-up. Terex also presented evidence of its pre-suit demand letters to Republic as well as the affidavit of Terex's risk

2

management director who averred that the full-replacement cost of the truck was $138,273.50, of which Republic had paid Terex only $100,075.13.[3]

In its hybrid motion for both traditional and no-evidence summary judgment, Republic asserted that Terex was seeking to recover the full-replacement cost of a new 2009 truck but was entitled to receive the full-replacement value of the 2007 truck that was destroyed. In its no-evidence motion for summary judgment, Republic contended that because Terex had presented no evidence or only a scintilla of evidence of non-economic injuries proximately caused by Republic, Terex was precluded from recovering under its negligence claim as the loss was the subject matter of a contract. In support of its traditional summary-judgment motion, Republic asserted that: (1) Terex is barred from bringing a negligence claim because its alleged loss is based in contract and not in tort; (2) Republic did not breach the contract because the terms of the contract provide for the replacement of the 2007 truck, and Terex's requested relief in the form of a 2009 truck with similar features is not within the scope of the contract; (3) the relief sought by Terex is not the proper measure of damages; and (4) it did not breach the contract because it exercised its purchase option under Section 14 of the contract by paying the purported fair market value of the equipment before the damage occurred in exchange for the salvage title to the 2007 truck.

After considering objections, responses, and replies filed by the parties, the trial court denied Terex's summary-judgment motion, granted Republic's hybrid summary-judgment

---

[3] Republic filed a written objection to this evidence but no written ruling from the trial court is contained within the record on appeal. In its first demand, Terex sought payment of $38,198.37, and asserted that the replacement cost of the truck consisted of the current cost of replacing the truck with a new one of equal effectiveness rather than the market value or "ACV." In a subsequent settlement offer to Republic's insurer, Terex requested payment of $25,695 after noting and presenting evidence therein that two sales of comparable trucks, one occurring before and another after the accident, averaged $125,695. In its last pre-suit demand letter, Terex sought Republic's payment of $38,000.

motion, ordered that Terex take nothing from Republic, and dismissed with prejudice Terex's causes of action against Republic.

## DISCUSSION

Terex appeals from the trial court's denial of its summary-judgment motion and grant of Republic's traditional summary-judgment motion.[4]

### Standard of Review

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Our review is limited to consideration of the evidence presented to the trial court. *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex.App. – Houston [14th Dist.] 2007, no pet.).

When both parties move for summary judgment, one of which is denied and the other granted, we consider all the summary judgment evidence and determine all issues presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We must consider all grounds presented in both motions and render the judgment the trial court should have rendered. *Id*. If any of the summary-judgment grounds are meritorious, we must affirm the summary judgment. *Texas Workers' Compensation Com'n v. Patient Advocates of Texas,* 136 S.W.3d 643, 648 (Tex. 2004).

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Bell v. VPSI, Inc.* 205 S.W.3d 706, 712 (Tex.App. – Fort Worth 2006, no pet.). The burden of proof is on the

---

[4] Terex does not challenge any portion of the trial court's order granting summary judgment on Terex's negligence claim.

movant and we resolve all doubts about the existence of a genuine issue of material fact against the movant. *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Bell,* 205 S.W.3d at 712. To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). However, a moving party who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010); *East Hill Marine, Inc. v. Rinker Boat Co., Inc.*, 229 S.W.3d 813 815-16 (Tex.App. – Fort Worth 2007, pet. denied).

## *Analysis*

Terex challenges the trial court's order denying its summary-judgment motion and granting Republic's traditional summary-judgment motion. Therefore, our analysis is limited to consideration of Terex's breach-of-contract claim and whether the trial court's summary-judgment rulings thereon were erroneous.

## *Denial of Terex's Traditional Summary-Judgment Motion*

To recover for breach of contract and obtain a summary judgment thereon in its favor, Terex was required to show that there was no genuine issue of material fact and that it had, as a matter of law, proven the elements of a breach-of-contract cause of action: (1) the existence of a valid contract; (2) its performance or tendered performance; (3) Republic's breach of the contract; and (4) that Terex has suffered damages as a result of Republic's breach. TEX. R. CIV. P. 166a(c); *Rice v. Metropolitan Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex.App. – Fort Worth 2010, no

pet.).

The contract expressly provides that Republic, as Lessee, will pay Terex, as Lessor "for all loss and damages, including without limitation the full replacement value of the Equipment . . . ." Through the invoices submitted in support of its pre-suit demand letters and in support of its motion for summary judgment, Terex has implicitly identified that the rented equipment is a 2007 model truck. Republic's summary-judgment evidence, too, includes a photograph identifying that the truck is a 2007 model. Therefore, no genuine issue of material fact exists regarding the fact that the lost or damaged "equipment" for which Republic agreed to pay the full-replacement value is a 2007 model truck.

Terex contends, however, that the loss-and-damages clause of the rental agreement requires payment for the full-replacement value of a new 2009 truck and, in support of its motion for summary judgment, submitted documentation to establish that the full-replacement value of a 2009 truck is $138,273.50. "Full replacement value" is a term not defined within the contract and its meaning is disputed by the parties. Terex asserted in its pre-suit demand letters to Republic that the term means "the current cost of replacing a fixed asset with a new one of equal effectiveness," and argued that the term was not limited to the destroyed truck's market value or actual cash value (ACV). Terex's evidence included invoices showing that a 2007 truck was sold for $119,620.65 in January 2009, approximately seven months before Terex's truck was destroyed, and another was sold for $131,595 in March 2010, approximately six months after the accident. However, the invoices do not reflect the mileage of either truck sold or whether the custom features included on each truck are the same as or differ from that of the destroyed vehicle.

In support of its response to Terex's summary-judgment motion, Republic submitted a

6

business-records affidavit from Marivel Gomez, a claims specialist for Gallagher Bassett Services, Inc., which retained Property Damage Appraisers for the purpose of providing an appraisal for the 2007 truck, which had been driven a total of 30,790 miles. Property Damage Appraisers' total loss condition report reflects three dealer quotes from truckpaper.com for $100,000, one dealer quote from truckpaper.com for $105,000, and an average dealer quote of $101,250, which is noted as the suggested ACV of the 2007 truck.[5] No supporting documentation regarding the dealer quotes is included in the record. Although the total loss condition report contains a specific section entitled "Special Equipment," the section is blank and fails to identify that the leased 2007 truck had custom equipment or features. The report also fails to specify or provide supporting documentation to show that the dealer quotes recited therein were for a 2007 truck with the custom features of the vehicle leased by Terex to Republic. In her affidavit, Gomez notes her reliance upon the report as the basis for paying $100,975.13 to Terex.

*Grant of Republic's Motion for Summary Judgment*

In its traditional motion for summary judgment, Republic preliminarily argued that Terex's claims sound in contract rather than tort. As Terex does not raise on appeal any issue regarding its original negligence claim or the trial court's no-evidence summary judgment thereon, we need not address this argument.

Republic agrees that the contract provides that it will pay Terex the full-replacement value of the 2007 truck. In its summary-judgment motion, however, Republic argued Terex was required to prove the existence of a valid contract and that its claim was within the scope of its contractual duty to establish a prima facie case of breach of contract. Republic then argued that the relief Terex seeks is not part and parcel of the contract because Republic has no obligation

---

[5] Also included is a recital of three salvage bids of $2,500, $2,250, and $2,000.

under the terms of the contract to replace the 2007 leased vehicle with a 2009 vehicle, no consideration was given for anything other than a 2007 truck, and Republic has paid for the destroyed truck. Therefore, Republic contends it did not breach the contract.

In its response, Terex correctly noted that Republic had failed to cite any legal authority for its assertion that Terex had failed to establish a prima facie case for breach of contract and had failed to produce any evidence that its claim for relief was not "part and parcel" of the contract. Setting forth the four elements of a breach of contract claim, Terex argued that Republic had muddled the differences between damages provided under tort law and those recoverable under contractual obligations, and asserted that under the terms of the contract, Republic was obligated to pay the full-replacement value of the truck. Terex also contended that the term "replacement cost" means the "current cost of replacing a fixed asset with a new one of equal effectiveness," and that Republic's claim that it did not breach the contract because it had complied by paying a portion of the replacement cost was without merit.

Noting that market value is typically the measure of damage to property, Republic next argued that the proper measure of damages for loss of the destroyed truck with no market value is its replacement value as set forth in *Shaw Tank Cleaning Co. v. Texas Pipeline Co.*, 442 S.W.2d 851, 854-55 (Tex. Civ. App. – Amarillo 1969, writ ref'd n.r.e.). *Shaw* upheld the trial court's instruction that the jury consider "the cost of restoration [of the destroyed property which had no market value] 'reduced by any betterment which might result from the replacement of the existing [property] with [new property],'" and noted that the trial court's jury instruction properly included elements of depreciation, obsolescence, if any, and anticipated serviceability, of the property that was destroyed. *Id*. Relying upon *Shaw*, Republic then asserted that because the 2007 truck had

8

market value, the proper measure of damages is the market value of the property at the time of loss and that Terex's alleged damages of $138,273.50 was not the market value of the 2007 truck. Claiming that it had already paid "the purported market value of the damaged vehicle," Republic contended that it was entitled to summary judgment because there had been no breach of contract.

Terex contended that Republic was espousing an argument that the parties are not free to contract and that the damages provision within the valid and enforceable contract should be discarded in favor of market value. Noting that Republic had failed to present any evidence to show why the trial court should deny the contract's plain language and the parties' intent, Terex also contended that Republic was bound by contract to the agreed-upon measure of damages and that Republic's argument that the parties were limited in contracting for damages must fail. Citing definitions from a 1993 edition of Webster's Third New International Dictionary 1925, Terex argued that the term "replace" means "substituting an item which serves the same function," and that the term "replacement cost" means the "current cost of replacing a fixed asset with a new one of equal effectiveness." Seeking to be made whole with a truck which was "a custom built piece of specialty equipment manufactured specifically for Terex in accordance with a proprietary design, including many moving parts and technological add-ons," Terex argued that because Republic had not met its burden of showing that it was obligated to pay anything other than the full-replacement value of a new truck built to the exact specifications as the one Republic destroyed, Republic's summary-judgment motion must fail.

Finally, Republic asserted that it had "essentially" exercised its option under Section 14 of the contract to purchase the 2007 truck for $100,075.13, which Republic argued was the

9

"purported value of the Equipment before the damage," in exchange for salvage title.[6] Republic argued that it had not breached the contract because it had purchased, or had attempted to purchase, the 2007 truck at market value before it was destroyed in exchange for title "as clearly stated in the Contract."

Terex argued that Republic presented no evidence to support its contention that it had exercised its option to purchase the 2007 truck, nor any evidence that a sales transaction had occurred. Terex argued that the default provisions of the contract barred the alleged option to purchase the 2007 truck because, upon its payment to Terex of $100,075.13 for the alleged actual cash value of the truck to which Republic's insurer "felt Terex was entitled," Republic was in default for failing to pay the full-replacement value of the truck. Stating that no agreement to sell the truck existed, Terex also noted that it had not agreed to Republic's unilaterally-asserted price of $100,075.13 nor to any price for the sale of the truck, and argued that this portion of Republic's summary judgment must fail as a matter of law. Republic failed to support its option-to-purchase assertion with any evidence that the parties had agreed that $100,075.13 was the applicable price for purchase of the 2007 truck or that Terex's terms had satisfied any terms or conditions of sale as required by Section 14 of the contract.

The summary-judgment evidence undisputedly establishes the existence of a valid contract and plaintiff's performance, which comprise the first two elements of Terex's breach-of-contract cause of action. *See Rice*, 324 S.W.3d at 666. However, resolving all doubts about the existence

---

[6] Within its motion, Republic recited a portion of Section 14 but omitted relevant portions, thus arguably leaving the trial court with the impression that the contract permitted Republic to exercise this purchase option at any time. We disapprove of Republic's lack of candor before the trial court. In its entirety, Section 14 of the contract provides: "Lessee shall have the option, if it is not in default hereunder, to purchase the Equipment, AS IS, WHERE IS, WITH NO WARRANTIES WHATSOEVER, except as to title. This option can be exercised at any time within the rental term or upon the day of expiration of this Agreement upon payment of the applicable price agreed upon by LESSEE and LESSOR and subject to LESSOR's standard terms and conditions of sale."

of a genuine issue of material fact against Terex, considering the evidence in the light most favorable to Republic, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not, we find Republic raised genuine issues of material fact regarding valuation of the truck and the meaning of "full-replacement value." *See Fielding*, 289 S.W.3d at 848; *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Bell,* 205 S.W.3d at 712. Therefore, the trial court did not err in denying Terex's summary-judgment motion.

Resolving all doubts about the existence of a genuine issue of material fact against Republic, considering the evidence in the light most favorable to Terex, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not, we find in response to Republic's traditional summary-judgment motion that Terex raised genuine issues of material fact regarding valuation of the truck and the meaning of "full-replacement value." *See Fielding*, 289 S.W.3d at 848; *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Bell,* 205 S.W.3d at 712. For this reason, and because Republic failed to negate a single element of Terex's breach-of-contract cause of action, Republic was not entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Frost Nat. Bank*, 315 S.W.3d at 508-09 (a defendant is entitled to summary judgment when it conclusively negates at least one essential element in a cause of action or conclusively establishes an affirmative defense); *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Bell,* 205 S.W.3d at 712; *East Hill Marine, Inc.*, 229 S.W.3d at 815-16. Therefore, we conclude that the trial court erred in granting traditional summary judgment in favor of Republic.

Because genuine issues of material fact exist as to the valuation of the 2007 truck with its

11

custom features and the meaning and proper application of "full-replacement value,"[7] the trial court properly denied Terex's summary-judgment motion but improperly granted Republic's motion for summary judgment, as issues regarding the breach and damages elements of Terex's breach-of-contract cause of action remain unresolved. We overrule that portion of Terex's issue challenging the trial court's denial of its motion for summary judgment and we sustain that portion of Appellant's issue challenging the trial court's grant of Republic's traditional summary-judgment motion.

## CONCLUSION

The portion of the trial court's judgment denying Appellant's summary-judgment motion is affirmed, and the portion of the trial court's summary judgment granting Republic's traditional summary judgment is reversed. The case is remanded for further proceedings.

GUADALUPE RIVERA, Justice

January 30, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

---

[7] *See* Tex. Bus. & Com. Code Ann. § 2A.202 (West 2009).