ACCEPTED
13-15-00081-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/23/2015 4:08:14 PM
Dorian E. Ramirez
CLERK

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

11/23/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTELLO

## CAUSE NO. 13-15-00081-CV

# IN THE THIRTEENTH COURT OF APPEALS OF TEXAS

## STATE OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/23/2015 4:08:14 PM
DORIAN E. RAMIREZ
Clerk

**APPEAL FROM COUNTY COURT AT LAW NO. 2**
**HIDALGO COUNTY, TEXAS**
**PRESIDING JUDGE JAY PALACIOS**

---

### JUAN GABRIEL ESPRONCEDA, Appellant

### VS.

### SYLVIA SUE HANDY, Appellee

---

### APPELLEE'S FIRST BRIEF

---

**Respectfully submitted,**

**Victoria Guerra**
**3219 N. McColl Rd.**
**McAllen, Texas 78501**
**(956) 618-2609**
**(956) 618-2553 (fax)**
**State Bar Number: 08578900**
**Appellee's Attorney**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to rule 38.1(a) of the Texas Rules of Appellate Procedure, Mr. Serrano offers the following names of all parties, trial, and appellate counsel:

**APPELLANT:**              Juan Gabriel Espronceda

TRIAL COUNSEL       Oscar Alvarez
600 South 11th Street
McAllen, Texas 78501
(956)686-6330

APPELLATE COUNSEL   Victoria Guerra
3219 N. McColl Rd.
McAllen, TX 78501
(956) 618-2609 (phone)
(956) 618-2553 (fax)
vguerralaw@gmail.com (email)

**APPELLEE:**             Sylvia Sue Handy

TRIAL COUNSEL       Robert J. Salinas
Roel Gutierrez
2101 Wood Avenue
Donna, Texas **78537**

APPELLATE COUNSEL   Pro se

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL………………………………..ii

TABLE OF CONTENTS……………………………………………………iii

INDEX OF AUTHORITIES…………………………………………….iv

STATEMENT REGARDING ORAL ARGUMENT………………………..vi

STATEMENT OF THE CASE……………………………………………vii

ISSUES PRESENTED……………………………………………………viii

STATEMENT OF FACTS…………………………………………...1

SUMMARY OF THE ARGUMENT………………………………………1

ARGUMENT AND AUTHORITIES………………………………………3

CONCLUSION………………………………………………………16

CERTIFICATE OF SERVICE……………………………………………16

CERTIFICATE OF COMPLIANCE……………………………………..17

# INDEX OF AUTHORITIES

**CASES**

*Armstrong v. Manzo*, 380 U. S. 545 (1965)................................................4

*Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276
    (Tex. 1998) ..........................................................................7

*CA Partners v. Spears*, 274 S.W.3d 51 (Tex. App.—Houston [14th Dist.]
    2008, pet. denied.)................................................................6

*Chafino v. Chafino*, 228 S.W.3d 467
    (Tex. App.—El Paso 2007, no writ)......................................14

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)..........................5, 6

*Crisp v. Security National Insurance Company*, 369 S.W.2d 326
    (Tex. 1963). ..................................................................11, 13

*Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex. 1983) ...................3

*Domangue v. Domangue*, No. 12-04-00029-CV, 2005 Tex. App. LEXIS
    6097 (Tex. App.—Tyler Aug. 3, 2005, no pet.)........................8

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238
    (Tex. 1985). ........................................................................14

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*,
    960 S.W.2d 41 (Tex. 1998)...................................................7

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80 (Tex. 1992) .................6

*J.W.T.*, 872 S.W.2d 189 (Tex. 1994) ........................................................4

*Michigan v. Long*, 463 U.S. 1032 (U.S. 1983)............................................4

*Micklethwait v. Micklethwait*, 2007 Tex. App. LEXIS 5086
    (Tex. App.—Austin June 27, 2007, pet denied).....................15

*Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306 (1950) ................4, 5

*Murray v. O & A Express, Inc.*, 630 S.W.2d 633 (Tex. 1982) ......................3

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 ( 1988) ......................4

*Ragsdale v. Progressive Voters League*,
   801 S.W.2d 880 (Tex. 1990)....................................................................8

*Roark v. Allen*, 633 S.W.2d 804 (Tex. 1982).........................................3, 4

*Roberson v. Robinson*, 768 S.W.2d 280 (Tex. 1989)..................................7

*Rosenfield v. White*, 267 S.W.2d 596 (Tex. Civ. App.—Dallas 1954, writ
   ref'd n.r.e. ....................................................................................... 11, 13

*Shaw Tank Cleaning Co. v. Texas Pipeline Co.*, 442 S.W.2d 851
   (Tex. Civ. App.—Amarillo 1969, writ ref'd n.r.e.) ............................ 11–13

*Tiller v. McLure*, 121 S.W.3d 709 (Tex. 2003).............................................5

*Worford v. Stamper*, 801 S.W.2d 108 (Tex. 1990) .....................................7

*World-Wide Volkswagen Corp. v. Woodson*, 444 U. S. 286 (1980).............4

*Zeifman v. Michels*, 212 S.W.3d 582
   (Tex. App.—Austin 2006, pet. denied). ................................................15

**RULES**

Texas Rules of Civil Procedure

Rule 9.4(i)(I).................................................................................................17

Rule 22 ..........................................................................................................3

Rule 301 .....................................................................................................3, 5

Texas Rules of Appellate Procedure

9.4(i)(3)........................................................................................................17

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## STATEMENT OF THE CASE

**Nature of the case**:  This is an appeal from a final divorce decree after a bench trial.  (CR 146–63).

**Course of Proceedings**:  The final decree of divorce in this case was signed on November 21, 2014. (CR 146–63). On December 19, 2014, Appellant filed a motion for new trial.  (CR 166–67).  Appellant's motion for new trial was overruled by operation of law on or about February 4, 2015. Appellant filed a notice of appeal on February 18, 2015 and an amended notice of appeal on March 2, 2015.

**Trial Court Disposition**: The trial court rendered judgment by signing the final divorce decree at issue on November 21, 2014.  (CR 146–63).

## ISSUES PRESENTED

**ISSUE 1 (Restated):** Due process of law under the Texas Constitution and the United States Constitution was violated when the Trial Court heard and ordered child support arrearages in the amount of $ 4,000.00.

**ISSUE 2 (Restated):** Due process of law under the Texas Constitution and the United States Constitution was violated when the Trial Court heard and ordered that Appellant pay to Appellee an amount of $ 300,000 which represents the replacement value of property that Appellant purportedly took.

**ISSUE 3:** The Uncontradicted Testimony of Appellee at the Hearing of August 11, 2014 (2R), which Served as the Sole Basis for the Final Decree of Divorce, Entered on November 21, 2014 (C146–63), Did Nothing More Than Raise a Fact Issue Because the Testimony was Confusing, Unreasonable and Its Credibility was Questionable and the Lower Court's Reliance on it as the Basis for the Final Decree of Divorce Not Only Constitutes Error, it Constitutes a Fundamental Abuse of its Discretion

**ISSUE 4:** The evidence was legally insufficient to support the Trial Court's judgment that Appellant should pay to Appellee $ 300,000.00 within three (3) months of the signing of the decree.

**ISSUE 5:** Because the Record is Devoid of any Reliable and Credible Testimony by Appellee, There Was Insufficient Evidence Upon Which the Trial Court Could Exercise Its Discretion, Compelling the Conclusion that the Trial Court Abused Its Discretion, as a Matter of Law, by Entering the Final Divorce Decree

## STATEMENT OF FACTS

Appellant and Appellee were married on April 12, 1997. They had one child during their marriage—Gabriel Roy Espronceda born April 3, 1998. 2R10. Appellee testified that the parties stopped living together in August 2011. 2R9. Appellee served time in the federal penitentiary from October 2010 and was released on December 21, 2012. She was away from her son for a period of two years and two months. 2R36. While Appellee was in prison, Appellant stopped visiting her around June 2011 and he moved out of the house in August 2011. 2R39.

Appellant did not appear at the bench trial of this cause. Appellee testified at said trial. The issues before this Court are whether Appellee's testimony and the documentary evidence admitted into evidence in trial are credible and reliable and whether there exists legal and factually sufficient evidence to support the judgment of the Trial Court.

## SUMMARY OF THE ARGUMENT

Due process of law under the United States Constitution and the Texas Constitution were violated when the Court proceeded to hear a trial on issues of retroactive child support and replacement value of property that was purportedly taken by Appellant. Appellant had not received notice of said arguments as they were not plead in Appellee's pleadings.

Appellee's testimony, though uncontradicted, was so confusing, unreasonable, and lacking in credibility, that it did nothing more than raise a fact issue was error and a fundamental abuse of discretion, and could not serve as basis for the Trial Court's judgment. The evidence was legally insufficient to support the judgment of the Trial Court.

The Trial Court abused its discretion in ordering retroactive child support in the amount of $ 4,000 and in ordering that Appellant pay to Appellee an amount of $ 300,000 which represents the replacement value of the property that Appellant purported took. Said amount of $ 300,000 is an unfair measure of Appellee's purported losses in that it gives to Appellee an unfair windfall.

# ARGUMENT AND AUTHORITIES

**ISSUE 1 (Restated): Due process of law under the Texas Constitution and the United States Constitution was violated when the Trial Court heard and ordered child support arrearages in the amount of $ 4,000.00.**

**ISSUE 2 (Restated): Due process of law under the Texas Constitution and the United States Constitution was violated when the Trial Court heard and ordered that Appellant pay to Appellee an amount of $ 300,000 which represents the replacement value of property that Appellant purportedly took.**

In Texas, "a civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex. 1983) *citing* TEX. R. CIV. P. 22. "The office of pleadings is to define the issues at trial," *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982) and to "give the opposing party information sufficient to enable him to prepare a defense." *Cunningham*, 660 S.W.2d at 812 *citing Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Also, the judgment of the court must conform to the pleadings of the parties. *Cunningham*, 660 S.W.2d at 812 *citing* TEX. R. CIV. P. 301

"Notice" under the meaning of due process of law under the Fourteenth Amendment to the United States Constitution and due course of law article I, section 19 of the Texas Constitution includes notice of the

3

allegations brought against Appellant and the opportunity to present his defenses against those charges. *See Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306, 314 (1950). Failure to give notice violates "the most rudimentary demands of due process of law." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84-85 ( 1988) *citing Armstrong v. Manzo*, 380 U. S. 545, 550 (1965); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U. S. 286, 291 (1980). Texas Due Court of Law under the Texas Constitution can provide greater protections than the due process clause of the United State Constitution. *See J.W.T.*, 872 S.W.2d 189, 198 (Tex. 1994). It is well established that the Texas Constitution can provide greater protections that those under the United States Constitution. *See Michigan v. Long*, 463 U.S. 1032, 1068 (U.S. 1983).

In the instant case, there is no pleading that asserts a tort action for conversion or retroactive child support. It can be inferred that not knowing that these allegations were going to be tried, Appellant bothered not to appear at said bench trial. 2R5,7. The issues were not defined for trial. *Murray*, 630 S.W.2d at 636. The Appellee's pleadings did not give Appellant information sufficient to enable him to prepare a defense." *Cunningham*, 660 S.W.2d at 812 *citing Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Further, the judgment in this cause did not

4

conform to the pleadings. *Cunningham*, 660 S.W.2d at 812 *citing* Tex. R. Civ. P. 301. Appellee failed to provide Appellant with "notice" under the meaning of due process of law under the United States Constitution and due court of law under the Texas Constitution. *Mullane*, 339 U.S. 306, 314 (1950). Appellee has violated "the most rudimentary demands of due process of law." *Peralta*, 485 U.S. at 84-85. Appellant was deprived of due course of law and due process when he was forced to defend against the allegations of retroactive child support and the order that Appellant pay to Appellee $ 300,000.00 which purportedly represents the value of the property that was purportedly taken by Appellant.

As such, reversing and remanding this case to the Trial Court would be proper, with an order mandating compliance with federal and Texas due process of law.

**LEGAL SUFFICIENCY**

**Standard of Review:**

**Legal Sufficiency:** The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *AIMS ATM, LLC v. Sanip Enters.*, 2014 Tex. App. LEXIS 2261, *3–7 *citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (holding

5

that, in reviewing "no evidence" point, court views evidence in light that tends to support finding of disputed fact and disregards all evidence and inferences to contrary). In making this determination, a reviewing court must credit favorable evidence, if a reasonable fact-finder could, and disregard contrary evidence, unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 827. So long as the evidence falls within the zone of reasonable disagreement, an appellate court may not substitute its judgment for that of the fact-finder. *Id.* at 827-28. The fact-finder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id*. at 819. Although an appellate court considers the evidence in the light most favorable to the challenged findings, indulging every reasonable inference that supports them, it may not disregard evidence that allows only one logical inference. *Id*. at 822. If there is more than a scintilla of evidence supporting a finding of fact, an appellate court will overrule a legal-sufficiency challenge. *CA Partners v. Spears*, 274 S.W.3d 51, 69 (Tex. App.—Houston [14th Dist.] 2008, pet. denied.).

When, as here, no findings of fact or conclusions of law are requested or filed, an appellate court implies all necessary findings in support of the trial court's judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). However, because a reporter's record has been

provided, the implied findings may be challenged for legal and factual insufficiency the same as jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281, 32 Tex. Sup. Ct. J. 337 (Tex. 1989). A reviewing court must affirm the judgment on any theory of law that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Under a legal sufficiency standard reviewing courts must consider all evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). The findings are legally sufficient if they are supported by more than a scintilla of evidence. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

**ISSUE 3: The Uncontradicted Testimony of Appellee at the Hearing of August 11, 2014 (2R), which Served as the Sole Basis for the Final Decree of Divorce, Entered on November 21, 2014 (C146–63), Did Nothing More Than Raise a Fact Issue Because the Testimony was Confusing, Unreasonable and Its Credibility was Questionable and the Lower Court's Reliance on it as the Basis for the Final Decree of Divorce Not Only Constitutes Error, it Constitutes a Fundamental Abuse of its Discretion**

The testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury if the testimony was unreasonable or incredible, or its credibility was questionable, then such testimony only raised a fact issue to be determined by the trier of fact. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990); *see also Domangue v. Domangue*, No. 12-04-00029-CV, 2005 Tex. App. LEXIS 6097 (Tex. App.—Tyler Aug. 3, 2005, no pet.).

At the trial of this cause,[1] Appellee testified that she received a Fen-Phen settlement which Appellee classified as her sole and separate funds and property. 2R16. Appellee also had a settlement from an accident at

---

[1] Appellee requests that this Court take judicial notice of Appellant's convicted crimes of moral turpitude which should have a bearing on her lack of credibility in this case. In the United States District Court of the Southern District of Texas, McAllen Division in cause number 7:09-CR-00396-1, the Appellee served a 30-month term in the Federal Bureau of Prisons with a 1-year term of supervised release for the charges of making a false statement on a tax return and conspiracy to conceal or harbor aliens.

Appellee also received a probated sentence in the 139th Judicial District Court of Hidalgo County, Texas in cause number CR-469111-C wherein she was charged and convicted in a multi-count indictment of offenses including: theft of property less than $200,000 (1st degree felony) and several counts of securing execution of a document by deception.

8

Maverick Market in Donna. 2R15. All the property was missing when she returned. 2R20. Exhibit 4 contains a list of all of Appellee's separate property. 1R, Pl's Ex.4. Appellee thought that a burglar had taken all of her property so her sister called the Sheriff's office. 2R21; 1R, Pl's Ex. 3. A report was made indicating that someone had broken into Appellee's house. Nowhere in the report does it state that all the properties listed in Exhibit 4 had been taken by Appellant. 2R58; 1R, Pl's Ex. 4. Yet, Appellant asserts that Appellee told her that he had all of her property and was holding it in storage, but he did not tell her what storage. 2R58. Appellee purchased the home with her Fen-Phen money for $ 335,000. 2R59. She had just as much invested in personal property as she had in the home. 2R59. All of the items were purchased in 2000 when they moved into the house. 2R59. They were purchased over time. 2R59. Appellee does not recall the last time that she purchased an item for the house that was taken—she left to prison in 2010 and was gone until 2012. 2R60. Some items are at least over 10 years old. 2R60. Appellee is not depreciating any of the items and does not know the depreciation value. 2R63. She is using replacement value to come to the figure of $ 300,000. 2R62. Appellee wants Appellant to have supervised visits even though the child,

9

who was 16 years old at the time of the trial of this cause, was a very smart person who was an honor student. 2R77.

It is unbelievable that Appellee spent almost equal amounts of money on house furnishings as she did to purchase the home. 2R59. Appellee states that Appellant took her property (2R58), yet the police report does not mention Appellant as the one who took the property. 2R58. Appellee expects a windfall in seeking payment of a lump sum of $ 300,000 when some of the property she states that Appellant took is over 10 years old. Appellee's testimony in this regard was incredulous and does not serve as an appropriate basis for the final divorce decree in this case.

Because the Appellee's testimony was riddled with inaccuracies and permeated with contradictions, her testimony at the August 11, 2014, hearing, as a whole, is not credible and does not merit any deference by this Court and further demonstrates that the court below, by basing its final decree of divorce on this testimony, not only committed error, it abused its discretion. It was an abuse of discretion and plain error for the trial court to base the entirety of the final decree of divorce on this testimony. As such, this case should be reversed and remanded to the Trial Court for further proceedings.

**ISSUE 4: The evidence was legally insufficient to support the Trial Court's judgment that Appellant should pay to**

10

**Appellee $ 300,000.00 within three (3) months of the signing of the decree.**

Without notice to Appellant, the Trial Court tried an issue in the nature of tort, wherein Appellee alleged that Appellant Appellee's separate property from the marital estate while Appellee was in prison, and the total value of the lost or stolen property was $300,000.00.

Replacement value is defined as the cost of replacing the injured property, minus any offset necessary to prevent a windfall to the plaintiff. This offset represents any benefit to the plaintiff gained from using the replacement, which may be a newer and less depreciated article than the original. *Shaw Tank Cleaning Co. v. Texas Pipeline Co.*, 442 S.W.2d 851, 854–855 (Tex. Civ. App.—Amarillo 1969, writ ref'd n.r.e.). Replacement value is recoverable only if the property has no market value. *Shaw Tank Cleaning Co.*, *id.* at 854. If the property has no market value and can be replaced, replacement costs are the proper measure of damages (*Rosenfield v. White*, 267 S.W.2d 596, 599 (Tex. Civ. App.—Dallas 1954, writ ref'd n.r.e.)), unless replacement costs do not represent a fair measure, as when replacement might provide an economic gain to the plaintiff. *See Crisp v. Security National Insurance Company*, 369 S.W.2d 326, 328–329 (Tex. 1963).

11

It is unlikely that the replacement value will exactly equal the value of the injured article. When the replacement cost might provide some economic gain, as, for example, when a used article is replaced with a new one, the cost of restoration may be reduced by any betterment that might result. Factors considered in determining any offset to an article's replacement value include whether the replacement will last longer than the original article would have lasted; whether the replacement was in better condition than the original article, which may have been in a deteriorated condition; and the fact that the original article may have been obsolete and the replacement up-to-date. *Shaw Tank Cleaning Co.*, 442 S.W.2d at 854–855.

In the instant case, Appellee purchased the home with her Fen-Phen money for $ 335,000. 2R59. She had just as much money invested in personal property as she had in the home. 2R59. All of the items were purchased in 2000 when they moved into the house. 2R59. They were purchased over time. 2R59. Appellee does not recall the last time that she purchased an item for the house that was taken—she left to prison in 2010 and was gone until 2012. 2R60. Some items are at least over 10 years old. 2R60. Appellee is not depreciating any of the items and does not know the depreciation value. 2R63. She is using replacement value to come to the

12

figure of $ 300,000. 2R62.    Appellee wants Appellant to have supervised visits even though the child, who was 16 years old at the time of the trial of this cause, was a very smart person who was an honor student.  2R77.

Appellee expects brand new items to replace the items that went missing from her home.  2R60.  As previously stated, replacement value is defined as the cost of replacing the injured property, minus any offset necessary to prevent a windfall to the plaintiff.  *See Shaw Tank Cleaning Co.*, 442 S.W.2d at 854–855.  Appellee failed to establish that the items taken had no market value or that no windfall would have occurred.  *See Shaw Tank Cleaning Co.*, 442 S.W.2d at 854.  Appellee also failed to show that the items taken had no market value and could be replaced, therefore replacement value is proper.  *See Rosenfield*, 267 S.W.2d at 599.  Rather, applying the replacement value standard does not represent a fair measure because would result in an unfair windfall to Appellee because some of the items are 10-14 years old.  2R60. *See also Crisp*, 369 S.W.2d 326.

As a result of the foregoing, the Trial Court's orders that Appellant pay back $ 300,000 to the Appellee was an abuse of discretion and was not founded on any reliable and credible evidence.  As such, this Court should reverse the judgment of the Trial Court and remand this case for a new final trial, with orders that the proper measure of damages be applied.

**ISSUE 5: Because the Record is Devoid of any Reliable and Credible Testimony by Appellee, There Was Insufficient Evidence Upon Which the Trial Court Could Exercise Its Discretion, Compelling the Conclusion that the Trial Court Abused Its Discretion, as a Matter of Law, by Entering the Final Divorce Decree**

The Abuse of Discretion standard of review is the generally applicable standard of review in family law appeals. Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support." *Chafino v. Chafino*, 228 S.W.3d 467, 472 (Tex. App.—El Paso 2007, no writ) *citing Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.—El Paso 2005, no pet.). An abuse of discretion is not determined according to whether the reviewing court would have decided the issues in the same way as the trial court, but whether the trial court acted without reference to any guiding rules and principles. *Id*. at 649 *citing Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985). In other words, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Chafino*, 228 S.W.3d at 472.

To determine whether an abuse of discretion occurred, a reviewing court engages in a two-pronged inquiry: whether the trial court had sufficient information upon which to exercise its discretion and whether the

14

trial court erred in its application of discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied). The traditional sufficiency review comes into play with regard to the first question; a reviewing court then proceeds to determine whether the trial court made a reasonable decision based on the evidence. *Id. See also Micklethwait v. Micklethwait*, 2007 Tex. App. LEXIS 5086 (Tex. App.—Austin June 27, 2007, pet denied).

Here, the Trial Court abused its discretion when it ordered retroactive child support in the amount of $ 4,000.00. There was discussion had about the parties having entered into an agreement that Appellee's claim for retroactive child support and Appellant's claim for child support while Appellee was in prison was a "wash." The claims cancelled each other out. 2R40. It certainly seems like the fair and equitable thing to do.

The Trial Court also abused its discretion when it ordered that Appellant pay $ 300,000 to Appellee when, as discussed above, said amount is not a fair measure of the purported loss by Appellee and clearly constitutes a windfall to Appellee.

As a result of the foregoing, this Court should reverse the judgment of the Trial Court and remand this case for further proceedings as to the issues at hand.

## CONCLUSION AND PRAYER

Appellant prays that this Court reverse the judgment of the Trial Court. Appellant prays that this Court order that the Trial Court apply the correct measure of damage and remove the retroactive child support order all together. Appellant also prays for such other relief in which he is justly entitled.

Respectfully Submitted,

Law Office of Victoria Guerra
320 W. Pecan Avenue
McAllen, Texas 78501
(956) 618-2609
(956) 618-2553 (fax)

By:  */s/ Victoria Guerra*
Victoria Guerra
State Bar No.  08578900
Attorney For Appellee, Ms. Ibarra

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's brief was forwarded by email to Sylvia Sue Handy at her email address:  sylviasuehandy@aol.com on this 23rd day of November, 2015.

*/s/ Victoria Guerra*
Victoria Guerra

## CERTIFICATE OF COMPLIANCE

In compliance with TRAP 9.4(i)(3), the undersigned certifies that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(l), is 3,408.

/s/ Victoria Guerra
Victoria Guerra